VERDA MARIE MARIFJEREN, and Juel E. Marifjeren, Myrle Jane Marifjeren, and William Francis Marifjeren, Minors, by Verda Marie Marifjeren, General Guardian of Said Minors, Appellants, v. KARL J. FARUP, as Executor of the Last Will and Testament of Juel E. Marifjeren, Deceased, Respondent.

(199 N. W. 181.)

**Insurance — proceeds of life insurance policy held payable to heirs, by contract and not subject to terms of will.**

Where the decedent had certain life insurance policies which provided that upon his death the proceeds thereof should be payable to his estate, and where such decedent in a will directed that the proceeds of such life insurance

Note.—Right to dispose of proceeds of life insurance policy by will, see 14 R. C. L. 1395.

policies should be placed in a trust fund to be handled and distributed by a trustee to the heirs at law, pursuant to the terms of his will, it is *held*:

(a) Following Farmers State Bank v. Smith, 36 N. D. 225, that, pursuant to § 8719, Comp. Laws, 1913, a policy of life insurance made payable to the estate of decedent is deemed to have been made payable to his heirs and that consequently the heirs take proceeds thereof, by contract and not by descent.

(b) That the proceeds of such life insurance policies were payable to the heirs at law of the deceased without being subject to the terms of the will.

Opinion filed May 22, 1924.

Life Insurance, 37 C. J. § 332 p. 570 n. 82.

In District Court, Walsh County, *Cooley, J.*
Action to recover proceeds of certain life insurance policies.
Plaintiffs have appealed from the judgment.
Judgment reversed.
*Murphy & Toner,* for appellants.
*Ben Greenberg* and *T. I. Dahl,* for respondent.

## Statement.

Bronson, Ch. J. This is an action by heirs at law to recover life insurance moneys. The facts are:—The plaintiffs are the widow and minor children respectively of Juel E. Marifjeren deceased. Defendant is the executor of his estate. At the time of his death, deceased possessed life insurance policies in the Mutual Life of New York and with the United States Government aggregating in value about $12,-500. These insurance policies were made payable to his estate upon death. The deceased left a will by the terms of which he directed that, after the payment of his funeral expenses, debts, and expenses of administration, a trust fund be created out of which, dependent upon various contingencies, the widow and children should be paid sums of money from time to time within the discretion of a trustee. The will makes no reference to the insurance policies. The will nominated an executor and also a trustee for such fund. In the county court, the will was allowed and the probate of his estate instituted. The executor qualified. He listed, as assets of the estate, the proceeds of the life

insurance policies, which he had collected and, also, one automobile. The heirs at law made demand upon the executor to pay to them such life insurance moneys upon the ground that the same belonged to them and were not subject to probate administration or to disposition by the will.    The executor ignored and refused to comply with the demand. This lawsuit has resulted.

After trial, the lower court made findings to the effect that the proceeds of the insurance moneys should not be used for the payment of debts or expenses of administration; but, that they should be distributed to the heirs in accordance with decedent's will and that, accordingly, the action brought to recover from the executor of the estate the proceeds of such life insurance moneys should be dismissed.    Judgment was entered accordingly, from which plaintiffs have prosecuted this appeal.

## Contentions.

Plaintiffs maintain that they, as heirs at law, are entitled in their own right to the life insurance moneys of the deceased made payable to his estate; that such moneys are not subject to general administration, debts, expenses, or to the terms of the will; that, under the settled law of this state, proceeds of contracts of life insurance made payable to an estate are the property of the heirs at law of the decedent; that such property belongs to them neither as inheritance nor under an exemption statute but ownership thereof was vested in them as grantees immediately on the death of the insured, free from any control by the representatives of the estate or through probate administration excepting insofar as probate administration may serve as a collection agency in receiving such life insurance moneys for distribution to the heirs at law entitled thereto.

Defendant maintains that such life insurance moneys are subject to the provisions of the will providing that the same be paid to a trustee named in the will for trust purposes, citing § 6629, Comp. Laws, 1913; that although such life insurance moneys do not become a part of the estate and although the probate court has no jurisdiction over the proceeds thereof, nevertheless, it was competent for the deceased to create a trust fund of such life insurance moneys for the benefit of his heirs at law.

## Opinion.

No questions of fact are presented. Upon the record the sole question of law presented is whether the life insurance moneys of the deceased belonged to and were payable to his heirs at law or were subject to disposition by his will. Although the writer has some serious doubts with respect to the constitutionality of the statute, § 8719, Comp. Laws, 1913, in certain phases of its application, nevertheless, that question is not before, nor presented to, this court. See Bank of Minden v. Clement, 256 U. S. 126, 65 L. ed. 857, 41 Sup. Ct. Rep. 408. The determination of this appeal depends entirely upon the question whether the beneficiaries named in the policy take by contract pursuant to vested interest, or by descent. Of course a policy payable to an "estate" in reality designates no person at all except as it may be construed to refer to the insured, his personal representatives, or his heirs, as the beneficiaries intended to be named. A policy so payable involves a question of interpretation. Is it payable, is the contract of insurance a contract payable, to the insured or his personal representatives for ·purposes of assets in his estate, or is it a contract payable to his heirs?

The statute, § 8719, and the interpretation of such statute in Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. 302, has answered this question. Section 8719, Comp. Laws, 1913 reads as follows:

"The avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society, when made payable to the personal representatives of a deceased, his heirs or estate upon the death of a member of such society or of such insured shall not be subject to the debts of the decedent except by special contract, but shall be inventoried and distributed to the heirs or the heirs at law of such decedent."

In the case of Farmers State Bank v. Smith, supra, this court said that § 8719, Comp. Laws, 1913, merely provides that in the eyes of the law a policy which is made payable to one's personal representatives or heirs or estate shall be deemed to have been made to the heirs and that such policy shall go to such heirs free from debts of the deceased. Such interpretation leaves no room for construction excepting that a policy made payable to an estate is the same as if made payable to the heirs, and hence that the proceeds of such policy passes to the heirs by con-

51 N. D.—6.

tract and not by descent. Consequently, § 6629, Comp. Laws, 1913 which provides that a policy of life insurance may pass by transfer, will or succession has no more application than it would have to a policy directly made payable to the heirs. It follows that the trial court erred; the judgment is erroneous. Accordingly, it is reversed with directions to enter judgment consonant with this opinion.

BIRDZELL, NUESSLE, JOHNSON, and CHRISTIANSON, JJ., concur.