IN THE MATTER OF THE ESTATE OF GILBERT J. COUGH-LIN, Deceased. CHARLES BOYER and W. J. Gerding, W. J. GERDING, Respondent, v. ELLA R. COUGHLIN, Administratrix of the Estate of Gilbert J. Coughlin, Deceased, Appellant.

(205 N. W. 14.)

Executors and administrators — recovery by administratrix for negligent delay of insurance company in issuing policy of life insurance held in effect "avails" of policy, and not subject to payment of debts of estate of deceased; "avails" is synonymous with "proceeds," "use" and "profits."

Gilbert J. Coughlin made an application for a life insurance policy in the sum of $10,000. The application stipulated that its terms and conditions should be and become a part of the policy if issued. One of those conditions was that there should be no binding contract of insurance unless and until the policy was issued and delivered to the insured while he was in good health. Shortly after making this application Coughlin died. The policy was not delivered prior to his death. Appellant, administratrix of Coughlin's estate, brought suit for the estate against the company to recover on account of the company's negligent delay and had a judgment, which was paid. The respondent, Gerding, a creditor of the estate, sought to have the proceeds of the judgment applied in payment of the debts of the estate. *Held:* (a) That under § 8719, Comp. Laws, 1913, the avails of life insurance policies are not, except by special contract, subject to the payment of the debts of the insured upon his death and are for the benefit of, and belong to, the beneficiaries named in the policies, or the heirs of the decedent, as the case may be.

(b) Consistent with the legislative policy thus declared the proceeds of the judgment obtained by the administratrix under the circumstances set out

above are avails of a life insurance policy within the meaning of that term as used in Section 8719, Comp. Laws, 1913.

Opinion filed August 26, 1925.

Life Insurance, 27 C. J. p. 332 p. 570 n. 82.

Appeal from the District Court of Ward County, *Lowe, J.*
Reversed.

*Palda & Aaker,* and *C. E. Brace,* for appellant.

An order or judgment is final when the time for appeal therefrom has gone by. Higgins v. Rued, 30 N. D. 551, 153 N. W. 389; Grove v. Morris, 31 N. D. 8, 151 N. W. 779; Gohl v. Bechtold, 37 N. D. 141, 163 N. W. 724; Garbush v. Fiery, 33 N. D. 154, 156 N. W. 537; Bovey-Shute v. Donahue, 43 N. D. 247, 175 N. W. 205; Coughlin v. Ætna L. Ins. Co. 194 N. W. 661.

Where a judgment is void it is proper practice to move to vacate it, and an appeal will lie from an order denying the motion. 2 R. C. L. 33.

Where the judgment or order is such an one as the court had jurisdiction to render, the presumptions are all in favor of its regularity and validity until vacated by some proper proceeding instituted directly for the purpose of avoiding or correcting it. Tuttle v. Tuttle, 48 N. D. 10, 181 N. W. 898; Amundson v. Hanson, 150 Minn. 287, 185 N. W. 252.

The rule is well settled that a policy of life insurance and the money to become due under it belong from the moment the policy is issued to the beneficiary therein named, and it is beyond the power of the insured to transfer to any other person the interest of such beneficiary. Re Heilborn, 14 Wash. 536, 35 L.R.A. 620, 45 Pac. 153; Filley v. Ill. Ins. Co. 91 Kan. 220, L.R.A.1915D, 130, 137 Pac. 793.

In ordinary life insurance, where no power of divestiture is reserved, the general doctrine prevails that the issue of the policy confers immediately a vested right upon, and raises an irrevocable trust in favor of the party named as beneficiary—a right which no act of the insured can impair without the consent of the beneficiary. 3 Am. & Eng. Enc. L. 2d ed. 980; Blum v. New York L. Ins. Co. 197 Mo. 513, 8 L.R.A. (N.S.) 923, 95 S. W. 317.

*Campbell & Funke,* for respondent.

It is a well settled principle of law that no appeal lies from an order, granted on ex parte application and without notice. See 2 R. C. L. page 47, notes 1 and 2.

Laches must be raised by an appropriate pleading so as to afford the complainant an opportunity to amend. Ogden v. Stevens (Ill.) 132 Am. St. Rep. 237; Putnam v. Day, 22 Wall. 60, 22 L. ed. 764.

An administrator who pays out money on allowance orders before distribution is charged with knowledge of the power of the court over such orders and does so at his own risk. Clemes v. Fox (Colo.) 53 Pac. 225.

Notice to a party whose rights are to be affected by judicial proceedings is an essential element of due process. See 12 C. J. 1228 and cases cited; Clapp v. Houg, 12 N. D. 600, 65 L.R.A. 757, 98 N. W. 710.

Proper notice once given satisfies the requirements of due process and notice of further proceedings is unnecessary, but the relief granted must be responsive to the cause of action of which notice has been given. Goe v. Armour, 237 U. S. 413, 59 L. ed. 1027.

It must be conceded that, in the absence of statute, money realized from a policy of insurance made payable to the estate or the personal representative of the deceased, constitutes assets of the estate. Union L. Ins. Co. v. Stephens, 10 Fed. 671; Harding v. Little Dell, 150 Mass. 100; Dogden v. Ins. Co. 153 Mass. 544; Kelley v. Mann, 56 Iowa, 625; Johnson v. Van Etts, 110 Ill. 551.

All debts, claims, and surviving rights of action of a decedent, of every kind, reducible to money, vests in the executor or administrator to be collected or sued upon, or transferred for the benefit of the estate. Cake v. Mohun, 164 U. S. 311, 41 L. ed. 447, 17 Sup. Ct. Rep. 100; Burgett v. Monroe (Mich.) 25 N. W. 514; See also 23 C. J. p. 1130, § 323.

NUESSLE, J. This case is here on appeal from an order of the District Court of Ward county reversing an order of the county court of that county.

The appellant is the administratrix of the estate of Gilbert J. Coughlin, deceased. Coughlin died in December, 1918. Some time before

his death he made an application to the Ætna Life Insurance Company for a $10,000 life insurance policy. It was stipulated in the application that its terms and conditions should be considered a part of the policy. One of those terms and conditions was that there should be no binding contract of insurance unless and until the policy was issued and delivered while the insured was in good health. Through one reason or another, the policy, though issued, had not been delivered at the time of Coughlin's death. The widow and daughter were named as beneficiaries in the policy. There were no other heirs. Payment having been demanded and refused, they started action on the policy against the company. The company defended on the ground of nondelivery. The action, although at issue, was not at once brought to trial. The widow as administratrix then brought another suit against the company on the theory that its failure to issue and deliver the policy in due course constituted actionable negligence, and claimed to recover damages to the estate in the amount of the policy. The company defended as against this action also. At the next term of court after issue was joined, both of the cases were on the calendar for trial. The company moved the court to require an election as to which action should be tried. The motion was denied and no election was made. The action for negligence was, however, finally tried and the plaintiff administratrix obtained a verdict on which judgment was entered. The company moved for judgment notwithstanding the verdict or for a new trial, but the motion was denied by the district court because made after time, and the merits were not considered. On appeal the order of the district court denying the motion was affirmed. See Coughlin v. Ætna L. Ins. Co. 49 N. D. 948, 194 N. W. 661. The judgment thereby became final and subsequently was paid by the company, and the other action brought by the beneficiaries on the policy was dismissed.

The estate of Gilbert J. Coughlin, deceased, was insolvent. At the hearing upon the return of the inventory, the county court awarded the widow her exemptions and also made a family allowance in the sum of $1,800 under the provisions of § 8727, Comp. Laws 1913. This practically exhausted the estate. Thereafter, on July 21st, 1923, after the judgment against the insurance company had been paid, the county court made an ex parte order for a further family allowance to

the widow and child of $2,500 per year for three and one-half years, thus appropriating all of the proceeds that came to the estate from the judgment. Charles Boyer and W. J. Gerding, were creditors of the estate. Ten months after the order complained of was made they obtained from the county court an order to show cause why the ex parte order of July 21st, 1923, granting an additional family allowance should not be set aside and appellant administratrix required to account for the funds thus paid under the same. The appellant appeared on the return day and objected to the granting of the relief claimed because: (1) The order of July 21st, 1923, was an appealable order and that the time for appeal had expired; (2) no moneys had been paid out under the order of July 21st, 1923, that belonged to the estate; (3) that the only moneys intended to be affected by the order of July 21st, 1923, were the insurance moneys, and they, as a matter of fact and law, did not belong to the estate but belonged to the widow and daughter of the insured. Whereupon, on July 29th, 1924, the order to show cause was discharged and the relief sought denied. An appeal was then perfected by the respondent Gerding to the district court. The district court, after consideration, reversed the order of the county court of July 29th, 1924, and remanded the cause to the county court with direction that the county court vacate and set aside its order of July 21st, 1923, and require the administratrix to account for the moneys paid out by her under such order. This appeal is from the order of the district court thus entered.

The appellant urges a reversal of the district court's order upon two grounds: (1) That the order for the family allowance complained of was at most only voidable and that it was an appealable order. That an appeal was required to be taken within thirty days after the issuance of the order, even though ex parte, and there being no appeal within that time, and not until more than ten months had elapsed, the court was without jurisdiction to set the same aside. That in any event, the respondent was estopped to question the propriety of the order for the reason that he so long delayed in attacking the same and permitted the order to be complied with by the administratrix. (2) That the money, the fruits of the action for negligence, was in fact payable on account of the contract of insurance. That under the terms of the statute the avails of policies of life insurance are not subject to the payment of the

debts of the insured upon his death, but are wholly exempt. That even though the money was paid to the estate under the judgment obtained by the widow as administratrix, such recovery was in fact upon an erroneous theory and should have been recovered by the widow and daughter as beneficiaries under the terms of the policy. That in no event was there any damage or injury to the deceased or his estate, and that the whole damage or injury on account of the negligence of the insurance company, was to the beneficiaries. That the money was in fact insurance money and exempt, and in no event could be appropriated to pay the debts of the deceased, and therefore, the respondent was in no position to complain on account of the order of the county court of July 21st, 1923.

It is at once to be observed that if the appellant is able to sustain either of the two grounds thus urged, there must be a reversal. We will first consider appellant's second proposition. If it be resolved in her favor a consideration of the first ground urged by her will be unnecessary. Were the fruits of the action brought by the administratrix in tort for negligence of the company in failing to seasonably issue and deliver the policy, subject to the payment of the debts of the deceased? In the first place, the following facts must be taken as established: The Coughlin risk was acceptable to and was accepted by the insurance company. The premium was paid and the policy was issued, but through negligence on the part of the company it was not delivered prior to Coughlin's illness and death. The widow and daughter of the insured were the beneficiaries under the policy. They were the only heirs of the deceased. Next it must be noted that the statute, § 8719, Comp. Laws 1913 provides:

"The avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society, when made payable to the personal representatives of a deceased, his heirs or estate upon the death of a member of such society or of such insured shall not be subject to the debts of the decedent except by special contract, but shall be inventoried and distributed to the heirs or the heirs at law of such decedent."

And chapter 173, Sess. Laws, 1919, provides:

"The surrender value of any policy of life insurance, which policy of insurance would upon the death of the insured be payable to the wife

53 N. Dak.—13.

or children or any relative of the insured dependent or liable to be dependent upon him for support, shall be absolutely exempt from the claims of creditors of the insured, and no creditor and no court or officer of a court acting for the creditors of such insured shall have the right under any circumstances to elect for the insured to have such policy of insurance surrendered or in any wise converted into money; and no such policy of life insurance and no property right therein belonging to the holder and no value thereof shall, under any circumstances, be subject to seizure under any process of any court."

Thus a legislative intent is unmistakably evidenced that the avails of life insurance policies shall not ordinarily upon the death of the insured be used in payment of his debts. For cases wherein this court has heretofore had occasion to consider § 8719, supra, see Finn v. Walsh, 19 N. D. 61, 121 N. W. 766; Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. 302; Marifjeren v. Farup, 51 N. D. 78, 199 N. W. 181; Maixner v. Zumpf, 51 N. D. 140, 199 N. W. 183.

There are numerous authorities holding that an action will lie against an insurance company for negligent delay in passing upon an application for insurance or in issuing or delivering the policy. See Boyer v. State Farmers' Mut. Hail Ins. Co. 86 Kan. 442, 40 L.R.A. (N.S.) 164, 121 Pac. 329, Ann. Cas. 1915A, 671; Duffie v. Bankers' Life Asso. 160 Iowa, 19, 46 L.R.A.(N.S.) 25, 139 N. W. 1087; Wilken v. Capital F. Ins. Co. 99 Neb. 828, 157 N. W. 1021; Meyer v. Central States L. Ins. Co. 103 Neb. 640, 173 N. W. 578, 19 N. C. C. A. 700; Wallace v. Hartford F. Ins. Co. 31 Idaho, 481, 174 Pac. 1009; Security Ins. Co. v. Cameron, 85 Okla. 171, 27 A.L.R. 444, 205 Pac. 151. However, we need not pass upon this question at this time. It is sufficient that a judgment was recovered by the administratrix upon that theory; that such judgment became final and the money at the root of the controversy in the instant case was realized therefrom. Neither need we here pass upon the question as to who are the proper parties plaintiff in such a case. So far as the decision of the instant appeal is concerned, it is immaterial whether the cause of action on account of the insurance company's negligence inured to the beneficiaries under the policy or to the estate of the insured. The fruits of such an action, whether brought by the beneficiaries under the proposed policy or by the administratrix of the estate of the insured, are to all

intents and purposes the avails of a life insurance policy. "Avails" is synonymous with "proceeds," "use," "profits." Webster's New Int. Dict. In view of the legislative intent expressed in the sections of the statute quoted, supra, they are exempt from payment of debts of the insured. Under these statutes, they are for the benefit of, and belong to, the beneficiaries under the policy, or the heirs of the insured. To hold that the money received by the administratrix by virtue of the judgment is not avails of a life insurance policy within the meaning of these statutes, would defeat the purpose and thwart the legislative intent thus clearly and unequivocally expressed. In the instant case the beneficiaries under the policy and the heirs of the insured are identical. This being so, it necessarily follows that the respondent Gerding was in no position to take exception to the disposition of the proceeds of the judgment obtained by the administratrix. He was a mere volunteer. In no event could such proceeds be applied in payment of his claim against the estate of the deceased. The order of the district court must therefore be reversed. The appellant will recover costs. It is so ordered.