PAULINE C. COHEN, Administratrix, Appellant, v. GORDON FERGUSON, Inc., et al., Creditors, Respondents.

(218 N. W. 209.)

**Insurance — exemptions — depends upon policy designation of beneficiaries.**
    1. Whether an insurance policy falls within the terms of § 8719, Comp. Laws 1913, which provides that "the avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society, when made payable to the personal representatives of a deceased, his heirs or estate upon the death of a member of such society or of such insured shall not be subject to the debts of the decedent except by special contract, but shall be inventoried and distributed to the heirs or the heirs at law of such decedent," is determinable by the terms used in the policy to designate beneficiaries.

**Insurance — what proceeds of life insurance policies are exempt.**
    2. Section 8719, supra, applies only to policies in which the personal representatives, heirs or estate of the insured are designated as beneficiaries.

Note.—(1) As to who are "legal representatives" within meaning of life insurance policies, see annotation in 30 L.R.A. 609; 14 R. C. L. 1373.

    56 N. Dak.—35.

**Insurance — proceeds to go to partnership — insured succeeds partnership — proceeds of life insurance policy not exempt.**

3. A policy made payable to a partnership (of which the insured is a member) and its successors, does not fall within the terms of § 8719, supra, even though the insured himself subsequently becomes the successor of the partnership.

Opinion filed January 31, 1928. Rehearing denied March 21, 1928.

Exemptions, 25 C. J. § 119 p. 73 n. 56; § 120 p. 73 n. 66.

From a judgment of the District Court of Sargent County, *Wolfe,* J., Pauline C. Cohen, Administratrix of the estate of Charles W. Cohen, appeals.

Affirmed.

*Kvello, Adams, & Rourke* and *Schwartz & Halpern,* for appellant.

*Divet, Shure, Holt, Frame, Murphy, & Thorp,* and *Kerr & Mohan,* for respondents.

CHRISTIANSON, J.   This is a controversy over the avails of a life insurance policy. The material facts are as follows: On April 1, 1921 Charles W. Cohen and Morris W. Kirsner formed a partnership for the purpose of engaging in the mercantile business at Milnor, North Dakota, under the firm name of Cohen & Kirsner. The partnership continued until October 30, 1921. On that day the partnership was dissolved under an arrangement whereby Kirsner ceased to be a member of the firm and Cohen assumed all the firm liabilities and remained in business as the successor of Cohen v. Kirsner. The creditors of the firm were notified of the arrangement. After the dissolution of the partnership, Cohen continued the mercantile business at Milnor in his own name. While the partnership was in existence Cohen obtained from the Missouri State Life Insurance Company what is known as an ordinary life insurance policy. The policy was issued on August 29, 1921, and by the terms thereof the insurance company agreed to pay to "Cohen & Kirsner, a partnership of which the insured is a member, its successors or assigns, immediately upon receipt of due proof of the death of Charles W. Cohen, the insured, twenty-five hundred dollars;" and "if such death is accidental, . . . five thousand dollars." At

the same time that this policy was issued, the other partner, Morris W. Kirsner, also obtained from the same company a similar policy in the same amount and payable to the same designated beneficiary. After the dissolution of the partnership, Cohen himself paid the premiums on the policy on his life, but no changes were made in the policy. The policy issued to Kirsner was lapsed on account of nonpayment of premiums.

Cohen was killed in an accident on December 2nd, 1923. His widow, Pauline C. Cohen, was appointed administratrix of the estate by the county court of Sargent county. The administratrix made proof of death, and in due time the Missouri State Life Insurance Company paid to her the sum of five thousand dollars for loss under the policy, payment being made by check payable to the order of "Cohen & Kirsner, a partnership of which Charles W. Cohen, deceased, was a member, and Pauline C. Cohen, administratrix of the last will and testament of Charles W. Cohen, deceased." The question arose whether the avails of this life insurance policy belonged, and should be distributed, to the heirs at law of Charles W. Cohen in accordance with the provisions of § 8719, Comp. Laws 1913; or whether they belonged to the estate of Charles W. Cohen, deceased, and was subject to the claims of creditors, and distributable the same as other assets belonging to the estate of the deceased. The county court ruled that the avails of the insurance policy were held by the administratrix as part of the general assets of the estate of Charles W. Cohen, deceased, subject to claims of creditors, and not distributable to his heirs at law under § 8719, supra. This decision was affirmed by the district court, and the administratrix has appealed to this court.

Appellants contend that the avails of the policy in suit belong to, and should be distributed among, the heirs at law of Charles W. Cohen under § 8719, Comp. Laws 1913, which provides:

"The avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society, when made payable to the personal representatives of a deceased, his heirs or estate upon the death of a member of such society or of such insured shall not be subject to the debts of the decedent except by special contract, but shall be inventoried and distributed to the heirs or the heirs at law of such decedent."

The respondents, on the other hand, contend that this section is not applicable to the policy in suit; that the avails of such policy belong to the estate of Charles W. Cohen, deceased, and are subject to general administration and distribution the same as other property of said decedent.

In our opinion the judgment appealed from is correct and must be affirmed. Under the express provisions of § 8719, supra, the avails of an insurance policy payable to the personal representatives, heirs or estate of the insured are not, upon the death of the insured, subject to his debts except by special contract. And, in the absence of other disposition of the insured during his lifetime in some mode not inhibited by the provisions of the policy, such avails must be inventoried and distributed to the heirs at law of the insured. It must, of course, be assumed that a person obtaining life insurance, contracts with knowledge of the law; and that one who obtains an insurance policy upon his life made payable to his personal representatives, heirs or estate, intends that upon his death the avails of such policy shall (unless he, during his lifetime, makes some other disposition thereof) be distributed to his heirs at law free and clear of all claims. Jorgensen v. DeViney, — N. D. —, 220 N. W. —. But the insurance policy involved in this controversy was not *made payable to the personal representatives, heirs or estate of the insured.* It was made payable to a designated beneficiary, to-wit:—an existing partnership, Cohen & Kirsner, and its successors or assigns. The policy was issued pursuant to a written application on the part of Charles W. Cohen wherein he asked that the firm of Cohen & Kirsner be designated as beneficiary in the policy applied for.

Clearly Charles W. Cohen could have had no intention, when he made the written application asking that a policy be issued made payable to Cohen & Kirsner, that in the event of his death the avails of such policy should go to his heirs at law free from the claims of creditors. On the contrary, he must have intended that in case of his death the avails of the policy should go to, and become part of the assets of Cohen & Kirsner, and be subject to the debts of the creditors of that firm; and that, after the partnership debts had been paid and the affairs of the firm wound up, the deceased's partner's share of any surplus remaining would go to the legal representatives of the decedent (37 C. J.

p. 569) as a part of his general estate, subject to the claims of his creditors, and in general subject to administration and distribution the same as other property of the decedent. In this connection it may be noted that Charles W. Cohen upon his death left two other life insurance policies that were made payable to his "estate;" and, of course, the avails of these policies were distributed to his heirs at law under the provisions of § 8719.

It is undisputed that after the firm of Cohen & Kirsner had been dissolved Cohen took no steps to change the beneficiary named in the policy but continued it in force as issued. It is contended by the appellant, however, that when Cohen became successor of the firm of Cohen & Kirsner, the policy became payable to Cohen as such successor and that, consequently, it is within the provisions of § 8719. In other words the appellant contends, in effect, that § 8719, supra, should be construed so as to apply to life insurance policies made payable to: (a) the insured himself; (b) his personal representatives; (c) his heirs; or (d) his estate; and that inasmuch as Charles W. Cohen became the successor of the firm of Cohen & Kirsner, the policy became in fact, although not in terms, payable to him; that upon his death his personal representatives would be entitled to collect the avails of the policy and that, consequently, it falls within § 8719, supra. This contention cannot be sustained. In our opinion the question whether the distribution of the avails of an insurance policy is controlled by § 8719 is determinable by the terms of the policy itself, namely, by the terms used to designate the beneficiaries therein. It goes without saying that the courts have no right to rewrite this statute and to either add to or detract from its terms. For reasons which they deemed sufficient, the lawmakers, in the most explicit terms, said that § 8719 should apply only to insurance contracts that are "made payable to the personal representatives of a deceased, his heirs or estate." If they had intended to include policies made payable to the insured himself, they would doubtless have said so. Under familiar rules of statutory construction it must be assumed that they intended to include only the insurance contracts enumerated, and that they also intended to exclude from the operation of the statute all other insurance contracts. And it is well settled that unless exempted by statute the avails of a life insurance policy, made payable to the insured himself become at his

death a part of his estate like any other chose in action, and assets in the hands of the administrator of his estate.  4 Cooley, Briefs on Ins. p. 3726.

The former decisions of this court have all recognized that the statute is applicable only to the classes or kinds of policies enumerated therein.  In Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. 302, it was said:

"Section 8719 merely provides that in the eyes of the law a policy which is made payable to one's personal representatives or heirs or estate shall be deemed to have been made to the heirs, and that such policy shall go to such heirs free from the debts of the deceased. . . . The only question is, Who should the policy pass to and shall it be burdened with debts or not?  If made to the heirs in name it would certainly not have been burdened with the debts of the deceased.  All section 8719 provides is that if *made payable to them, by the general term 'heirs,' or made payable to the 'representatives' or 'estate,'* it shall in like manner be considered a trust fund."  And in Talcott v. Bailey, 54 N. D. 19, 29, 208 N. W. 549, this court said:

"We are satisfied that the purpose of that statute (§ 8719) was and its effect is to fix the meaning of the terms 'heirs,' 'representatives' or 'estate,' when used in insurance policies to designate beneficiaries."

In the opinion denying the petition for rehearing in Talcott v. Bailey, this court said:

"It is earnestly contended by the appellant that the effect of the decision in this case is to destroy 'freedom of contract,—that is, the right to contract for insurance for one's own benefit upon one's own life.' No such result follows, either from the decision in the instant case or from the cases cited in the opinion.  All this court has said is simply that *when a policy is payable to 'the personal representatives of a deceased, his heirs or estate,'* the avails of such a policy must be distributed to the persons belonging to the class enumerated in the same manner and with the same legal effect as if the names of the 'heirs' had actually been specified in the contract of insurance."

Appellant argues that the decisions of this court in Re Coughlin, 53 N. D. 188, 205 N. W. 14, and Talcott v. Bailey, supra, sustain his contention that the policy in suit falls within the provisions of § 8719 supra.

In our opinion this argument is not well founded. In Re Coughlin, involved a controversy over the proceeds of a certain judgment which had been obtained against the Ætna Life Insurance Company where it had accepted an application for, and issued, a life insurance policy but had failed to deliver it. In that case the policy applied for and issued was made payable to the widow and daughter of the insured as designated beneficiaries. Two actions were brought against the insurance company; one by the surviving widow and daughter as beneficiaries under the policy and the other by the widow as administratrix of the estate of the insured. In the latter action liability was predicated upon the failure of the insurance company to act upon the application for insurance and to issue and deliver the policy within a reasonable time. The latter action was tried and resulted in a judgment in favor of the plaintiff and against the insurance company for the face amount of the policy. Thereafter the insurance company moved for judgment notwithstanding the verdict or for a new trial, the motion was denied and the insurance company appealed from this order. This court held that the motion for judgment notwithstanding the verdict or for a new trial was not made in time; that before such motion was noticed and presented the judgment had become a finality and was no longer subject to review. Coughlin v. Ætna L. Ins. Co. 49 N. D. 948, 194 N. W. 661. However, one of the principal grounds urged by the insurance company for a reversal of the judgment was that no cause of action existed in favor of the administratrix; that, if any cause of action arose for which damages could be secured, the only persons who suffered detriment were the beneficiaries named in the policy. The facts in Re Coughlin's Estate clearly distinguish it from the case at bar. That case did not involve a policy falling within the provisions of § 8719. The insurance contract involved in that case was one in which designated beneficiaries were named; and, obviously, they were the persons who sustained injury by the failure of the insurance company to deliver the policy. Whether the administratrix might or might not maintain the action is beside the question; for it seems obvious that whatever moneys were recovered by the administratrix, were held in trust for the beneficiaries named in the policy to whom they rightly belonged.

The argument as regards Talcott v. Bailey, is predicated upon the

proposition that in that case one of the policies was made payable to "Frederick H. Bailey (the decedent), his executors, administrators, or assigns;" and it is contended that that policy was the same as the policy involved in this case. This argument, of course, ignores the terms by which the beneficiaries were designated in the policy in the Talcott Case. That policy was specifically made payable to the personal representatives, that is, to the "executors or administrators," of the deceased.

Appellant cites and relies upon certain decisions of the supreme court of Florida. Special reliance is placed upon Pace v. Pace, 19 Fla. 438, which was cited in Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. 302. The Florida decisions involved a statute of that state which read as follows:

"That whenever any person shall die in this state, leaving insurance upon his or her life, the said insurance shall inure exclusively to the benefit of his or her child or children, husband or wife, in equal portions, or to any other person or persons for whose use and benefit said insurance is declared in the policy; and the proceeds thereof shall in no case be liable to attachment, garnishment, or any legal process by any creditor or creditors of the person whose life was so insured, unless said policy declares that said insurance was effected for the benefit of such creditor or creditors."

The Florida statute is quite different from § 8719, supra. The Florida statute purports to apply to every insurance contract unless the contract contains express terms indicating an intention on the part of the insured to withdraw the contract from the operation of the statute. It provides that in the event a life insurance policy does not expressly declare that it was effected for the benefit of some other person or persons designated in the policy, the avails of the insurance policy "inures exclusively to the benefit" of the child or children, husband or wife of the insured in equal portions; and that the proceeds of any life insurance policy shall be exempt from all legal process by any creditor of the insured, unless the policy "declares that said insurance was effected for the benefit of such creditor or creditors." As was said by the supreme court of Florida in construing this statute:

"To allow participation in the proceeds of the policy, by any person other than the children, husband or wife of the assured, the policy must in terms state that it was for some other person, creditor or creditors.

The language of the policy may not, perhaps, be required to name individuals, but it must at least describe the person or persons, class, or classes, to take in such terms as show affirmatively that the beneficiaries of a general policy are not the children, husband or wife of the assured. There can be no exclusion of these parties unless the purpose to exclude them is manifest and without doubt, and the purpose must appear as we have stated."

Under the Florida statute a person who obtains a policy of insurance upon his life evidences an intention that the insurance shall inure exclusively to the benefit of his or her surviving children and spouse, unless the insured, by specific provision in the policy, declares that the policy is intended for the use and benefit of some other designated person or persons.

Section 8719 on the other hand does not purport to apply to all insurance contracts. It purports to apply only to contracts where the insured, by use of the appropriate terms in designation of beneficiaries has indicated an intention that the policy shall be controlled by § 8719. It purports to apply only to policies that by their terms are "made payable to the personal representatives of the deceased, his heirs or estate." The policy in suit was not "made payable to the personal representatives of the deceased, his heirs or estate." It was made payable to "Cohen & Kirsner, a partnership, its successors or assigns."

It follows from what has been said that the judgment appealed from is correct and must be affirmed. It is so ordered.

NUESSLE, Ch. J., and BIRDZELL, BURKE, and BURR, JJ., concur.