[File No. 6309.]

ELIZABETH H. ANDERSON, Laura Anderson, Respondents, v. NORTHERN & DAKOTA TRUST COMPANY, a Corporation, and Herbert J. Charles, as Executors of the Last Will and Testament of Axel Robert Anderson, Deceased; Charles G. Anderson, Florence Charles, Ulerika Malmberg, Emma Larson, Hildur P. Hallgren, Margot F. Carlson, Helga Christina Rehn, Magda S. Kellson, Willard Andrei Kemner, Gasta B. Kemner, Karl A. L. Hartelius, Minonna S. Edefeldt, Bernhard E. H. Hartelius, Carl Rehn,

and

CHARLES G. ANDERSON, Ulerika Malmberg, Emma Larson, Hildur P. Hallgren, Margot F. Carlson, Helga Christina Rehn, Magda S. Kellson, Willard Andrei Kemner, Gasta B. Kemner, Karl A. L. Hartelius, Minonna S. Edefeldt, Bernhard E. H. Hartelius, Carl Rehn, Appellants.

(261 N. W. 759.)

Opinion filed June 17, 1935. Rehearing denied July 23, 1935.

*George D. Smith,* for appellants.
*A. P. Paulson* and *W. R. Pearce,* for respondents.

NUESSLE, J. Axel Robert Anderson, a resident of North Dakota,

died in December, 1931, testate. His wife and daughter, the plaintiffs herein, survived him. He left considerable property. In his will he made ample bequests to the plaintiffs and provided that after these were satisfied the residue of his estate should go to the appellants. He carried two life insurance policies, both payable to his estate. He made no reference to these policies in his will. The executors collected both of them, the avails aggregating $15,431. The plaintiffs, claiming as heirs, made demand upon the executors to pay this money to them. The appellants made claim to the money as belonging to them as residuary legatees, the bequests to the plaintiffs having been satisfied. The executors hold the money awaiting the outcome of this suit.

The plaintiffs claim as heirs. They predicate this claim on the statute, § 8719, Comp. Laws 1913, as amended. They insist that since the policies in question were payable to the estate and there was no reference to them in the decedent's will, the avails never became a part of the estate but that the plaintiffs, taking by contract and not by descent, are entitled thereto. On the other hand, the appellants insist that under the statute in question the avails of these policies became a part of the estate, that the bequests to the plaintiffs have been satisfied, and that appellants are entitled to these avails as residuary legatees. The plaintiffs sought to vindicate their claim in this action, brought in the district court of Cass county. They set out the facts above stated in their complaint. The appellants demurred on the grounds, first, that the district court was without jurisdiction, the matter being one of which the county court had exclusive jurisdiction under section 111 of the Constitution and, second, that the complaint failed to state facts constituting a cause of action. The trial court overruled the demurrer. From this order appellants perfected the instant appeal.

We will consider first the contention made by the appellants that the avails of the insurance policies in question became a part of the estate of the decedent and that therefore they are entitled to take the same as residuary legatees. If this contention be ruled against them their first contention that the district court has no jurisdiction in the premises must likewise fall, for, if these avails be not a part of the residuary estate certainly the district court and not the probate court has jurisdiction of the controversy.

The instant case is not the first that has arisen under § 8719. Be-

ginning with the case of Finn v. Walsh, 19 N. D. 61, 121 N. W. 766, questions arising under this statute have on numerous occasions been before us. See Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. 302; Marifjeren v. Farup, 51 N. D. 78, 199 N. W. 181; Maixner v. Zumpf, 51 N. D. 140, 199 N. W. 181; Re Coughlin, 53 N. D. 188, 205 N. W. 14; Talcott v. Bailey, 54 N. D. 19, 208 N. W. 549; Cohen v. Ferguson, 56 N. D. 545, 218 N. W. 209; Jorgensen v. De Viney, 57 N. D. 63, 222 N. W. 464; Hafey v. Hafey, 57 N. D. 381, 222 N. W. 256; Root v. Childs, 58 N. D. 422, 226 N. W. 598; Miller v. First Nat. Bank, 62 N. D. 122, 242 N. W. 124; Crabtree v. Kelly, ante, 501, 260 N. W. 262, just decided. Section 8719° provides: "The avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society, when made payable to the personal representatives of a deceased, his heirs or estate upon the death of a member of such society or of such insured shall not be subject to the debts of the decedent except by special contract, but shall be inventoried and distributed to the heirs or the heirs at law of such decedent." The history of this statute is traced in Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. 302; Talcott v. Bailey, 54 N. D. 19, 208 N. W. 549, and in Jorgensen v. DeViney, 57 N. D. 63, 222 N. W. 464, supra. The section was amended by chapter 225, Sess. Laws 1927 and later re-enacted as chapter 149, Sess. Laws 1929. In its present form as thus re-enacted, it reads: "The avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society, when made payable to *the deceased,* the personal representatives of the deceased, his heirs or estate, upon the death of a member of such society or of such insured, shall not be subject to the debts of the decedent, except by special contract, but such avails shall be inventoried as part of the estate of the deceased, and shall be distributed without deduction, and pass to the heirs at law or legatees of the deceased, in due course of administration, in accordance with the laws of succession or will, as the case may be. The insured may by will or contract transfer the avails of such life insurance policies or contracts theretofore *or hereafter made;* provided, however, that nothing herein contained shall be construed as permitting any insured to dispose by will of the avails of (a) contract by a mutual or fraternal society to anyone who could not be a beneficiary in such contract under the charter or by-laws of such society;

provided further that nothing herein contained shall be construed as affecting in any manner any life insurance policy or beneficiary certificate that is made payable to a designated person, including the spouse of the insured, or persons, or to the members of a family designated as a class—for example 'all children' or 'all brothers and sisters,' even though such children or brothers and sisters are not designated by name. *This statute is intended to apply only to life insurance policies and beneficiary certificates that by their terms are made payable to the insured, to the personal representatives of the insured, or to his heirs or estate."*

The substantial differences between the statute as amended by chapter 149 and the present statute above quoted arise by reason of the inclusion in the latter of the words "the deceased" and "or hereafter" above italicized, and the final sentence of the statute also italicized.

We held in Finn v. Walsh, 19 N. D. 61, 121 N. W. 766, supra, and in the other cases heretofore adhered to that holding, that under § 8719 the avails of life insurance policies made payable to "personal representatives of a deceased, his heirs or estate" did not become a part of his estate subject to the jurisdiction of the probate court but passed to his heirs at law by contract and not by descent; that though under the terms of the statute they were inventoried and distributed, this was done by the executor or administrator and not by the probate court; that under the statute such executor or administrator was designated for purposes of convenience to perform these functions.

The appellants insist, however, that though this holding was warranted by the provisions of § 8719, Comp. Laws 1913, the statute was so altered by the 1927 amendment and the 1929 re-enactment as to render the construction thus given the original statute inapplicable; and that all the cases passing upon the question since these later enactments took effect have dealt either with cases antedating the enactments or have disregarded or overlooked them; that there could have been no reason for their passage other than to amend the original statute so as to make the avails of insurance policies parts of the estate of a decedent subject to the jurisdiction and disposition by the probate court in the same manner as property generally. These same contentions were advanced in the case of Crabtree v. Kelly, ante, 501, 260 N. W. 262, just decided, and there disposed of adversely to the appellants.

It seems clear that the principal change in the statute made by chapter 225, Sess. Laws 1927, was made with the intent to settle the questions as to whether and in what manner the avails of "old line" policies payable to the personal representative of a deceased, his heirs or estate, could be disposed of by will. It is to be noted also that the provisions of this statute as respecting the right to transfer by will or contract are made applicable only to "policies or contracts *heretofore* made." These questions had never been passed upon by this court until they were directly raised in the case of Jorgensen v. DeViney, 57 N. D. 63, 222 N. W. 464, supra. Section 6629, Comp. Laws 1913, provides that an insured has the right to transfer a policy of insurance upon his life by will, or assignment. In the Jorgensen Case we held that § 8719 was not inconsistent with § 6629 and that the right to transfer by will had there been exercised in an effective manner. The appellants insist that the foregoing could not have been the purpose of the legislature in enacting chapter 225; that as shown by the decisions of this court prior to the passage of that act such right was recognized and the manner of its exercise was well understood; that accordingly there was no necessity for the statute if such were its purpose and, therefore, it must have been intended to abrogate the rule theretofore announced and followed in Finn v. Walsh, and later cases, and to make the avails of such policies parts of the estate. The fact is, however, that the Jorgensen Case originated prior to the 1927 enactment and was pending undecided when the act was passed. So though the case holds in accordance with the rule of the statute, yet, at the time of its passage, the question was shrouded in doubt. See in this connection Marifjeren v. Farup, 51 N. D. 78, 199 N. W. 181, supra; Talcott v. Bailey, 54 N. D. 19, 208 N. W. 549, supra.

Now let us consider chapter 149, Sess. Laws 1929, the re-enacted statute. As heretofore pointed out the substantial differences between this statute and chapter 225, arise by reason of the words "the deceased;" by the words "or hereafter;" and by the concluding sentence of the statute. The opinion in the case of Cohen v. Ferguson, 56 N. D. 545, 218 N. W. 209, supra, was filed in January, 1928. The question there was as to whether a policy payable to the insured himself fell within the terms of § 8719. We held that it did not. So it seems clear that when the statute was re-enacted as chapter 149 the reason for this

re-enactment was to widen its provisions so as to include policies payable to the insured; to make the statute cover not only policies written prior to the enactment of chapter 225, Sess. Laws 1927, but also policies thereafter written; and to strictly define the limits within which the statute operated.

But there is another forceful reason why we are impelled to the above holding. The effect of the appellants' contention is that by virtue of chapters 225, Sess. Laws 1927 and 149, Sess. Laws 1929, § 8719 became purely an exemption statute: that its only effect was to exempt the avails of policies of the character described therein from debts of the decedent. While this court has never passed upon the question as to whether a statute having this effect would be within the power of the legislature to enact, nevertheless some doubt had been cast upon this matter by what was said in the dissenting opinion of Judge Robinson in the case of Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. 302, supra, and by dicta in the opinion in Marifjeren v. Farup, 51 N. D. 78, 199 N. W. 181, supra. In view of this fact it does not seem reasonable that the legislature could have intended the statute to have such an effect.

The construction placed upon § 8719 in Finn v. Walsh, 19 N. D. 61, 121 N. W. 766, supra, had been in effect so long and had been so often reaffirmed and followed that it must have been within the legislative contemplation when the 1927 and 1929 acts were passed. Had the legislature intended to abrogate the rule thus established it could have done so in unmistakable fashion with a few apt words. It did not do so. On the other hand, as shown above, these enactments did settle questions that had been raised from time to time and that were clouded with uncertainty when the enactments were passed. Meticulous consideration of the issues raised in this case only serves to confirm us in the opinion that the order of the District Court was right and that it must be affirmed.

It is so ordered.

Burke, Ch. J., and Burr and Christianson, JJ., concur.

Morris, J., not participating.