[File No. 6601.]

ELIZABETH H. ANDERSON and Laura Anderson, Respondents, v. NORTHERN & DAKOTA TRUST COMPANY, a Corporation, and Herbert J. Charles, as Executors of the Last Will and Testament of Axel Robert Anderson, Deceased, and C. F. Hellstrom, Vice Consul of Sweden and One of the Executors of the Last Will and Testament of Axel Robert Anderson, Deceased, Succeeding the Northern & Dakota Trust Company, an Insolvent Corporation; Charles G. Anderson, Ulerika Malmburg, Emma Larson, Hildur P. Hallgren, Margot F. Carlson, Helga Christina Rehn, Magda S. Kelson, Willard Andrei Kcmner, Gosta B. Kemner, Karl A. L. Hartelius, Minnona S. Edelfeldt and Bernard E. H. Hartelius, Appellants.

(288 N. W. 562.)

Opinion filed October 13, 1939.   On Reargument November 28, 1939.

*George D. Smith,* for appellants.
*William R. Pearce,* for respondents.

Burke, J.   The plaintiffs, Elizabeth Anderson and Laura Anderson, are respectively the widow and the adopted daughter of Axel Robert Anderson, deceased, and as such are his sole heirs at law.   The defendants are severally the executors of, and the residuary legatees and devisees under the last will and testament of said Axel Robert Ander-

son. The suit is for the avails of two insurance policies upon the life of Axel Robert Anderson in the aggregate sum of $15,431, which his executors have collected and which they now hold pending a determination of the issues here presented. The plaintiffs prevailed in the district court and the defendant residuary legatees and devisees have appealed. Plaintiffs alleged in their complaint that the two insurance policies here in suit "were made payable to the estate of said deceased," Axel Robert Anderson. They urge that under the provisions of § 8719, Compiled Laws of North Dakota 1913, as amended by chapter 225, Laws of North Dakota 1927, and chapter 149, Laws of North Dakota 1929, the proceeds of the policies not having been specifically disposed of by decedent's will, upon his death, passed directly to the plaintiffs as his heirs at law in accordance with the laws of succession. Upon two former appeals of this action (65 N. D. 721, 261 N. W. 759, 67 N. D. 458, 274 N. W. 127) the law of the case has been substantially settled. The only question remaining for decision is that raised by the appellants' amended answer, namely, are these policies of insurance made payable in a manner that brings them within the terms of the statutes relied on?

Section 8719, Compiled Laws of North Dakota 1913, is applicable to insurance policies "made payable to the personal representatives of a deceased, his heirs or estate." Chapter 225, Laws of North Dakota 1927, is applicable to the same policies; chapter 149, Laws of North Dakota 1929, is applicable to policies "made payable to the deceased, the personal representatives of the deceased, his heirs or estate." In the case of Cohen v. Gordon Ferguson, 56 N. D. 545, 218 N. W. 209, this court said, "In our opinion the question whether the distribution of the avails of an insurance policy is controlled by § 8719 is determinable by the terms of the policy itself, namely, by the terms used to designate the beneficiaries therein. It goes without saying that the courts have no right to rewrite this statute and to either add to or detract from its terms."

The first policy is one issued by the Mutual Life Insurance Company of New York on April 27, 1894, in the sum of $5,000. It is payable to Emily E. Anderson, her executors, administrators or assigns. There is no reservation of a right to change the beneficiary. Emily E. Anderson was the first wife of the deceased, Axel Robert Anderson.

She died approximately six years after the policy was issued. No right to change the beneficiary having been reserved, Emily E. Anderson had a vested interest in the policy and upon her death it became one of the assets of her estate. 37 C. J. 577; 14 R. C. L. 1376. On January 3, 1900, this policy was assigned to A. Robert Anderson by an instrument in writing executed by John Halversen, "As Special Administrator of Emily E. Anderson, Deceased." This assignment was filed with the insurer, the Mutual Life Insurance Company of New York. No change was ever made in the designation of the beneficiary in the policy. The policy became payable to the deceased, A. Robert Anderson, not by the terms of the policy itself, but by virtue of an assignment from the administrator of the estate of the designated beneficiary. An assignment of a policy of life insurance is a contract separate and distinct from the contract of insurance. Joyce, Insurance, 1918, § 2326b. In Cohen v. Gordon Ferguson, 56 N. D. 545, 218 N. W. 209, supra, we also said, "Section 8719 on the other hand does not purport to apply to all insurance contracts. It purports to apply only to contracts where the insured, by the use of the appropriate terms in designation of beneficiaries has indicated an intention that the policy shall be controlled by § 8719." The deceased did nothing whatever after receiving this policy to indicate an intention that the policy should be payable in any particular manner or to any particular persons. By assignment it was one of his assets and upon his death it became one of the assets of his estate. The policy is clearly not subject to the provisions of § 8719 and its avails therefore, not having been otherwise disposed of, are now a part of the residue of his estate for distribution to the residuary legatees.

The second policy was issued by the Pioneer Life Insurance Company on October 11, 1912, in the sum of $10,000. It was made payable to the Right Price Mercantile Company, a corporation, with the right of revocation reserved. The policy contains the following provisions: "When the right of revocation has been reserved, . . . the Insured, subject to any existing assignment of the policy, may designate a new beneficiary with or without reserving right of revocation by filing written notice thereof at the home office of the company, accompanied by the policy for a suitable indorsement thereon." The policy contains the following indorsement: "At the written request

of the Insured hereunder and subject to any existing assignment of the policy, the amount due under the policy at the death of the Insured is hereby made payable to ................, if living, otherwise to the executors, administrators or assigns of the Insured. The right to change the beneficiary is reserved to the Insured."

This indorsement is a substitution for the original designation of beneficiary and is just as much an integral part of the contract as was the original designation. The policy is therefore, by its terms, made payable to the executors, administrators or assigns of the insured. It is clearly within the terms of, and subject to the provisions of § 8719, supra, and the acts amendatory thereof. The avails of this policy therefore upon the death of the insured, passed to his heirs at law, Elizabeth and Laura Anderson, in accordance with the laws of succession. Anderson v. Northern & Dakota Trust Co. 65 N. D. 721, 261 N. W. 759, 67 N. D. 458, 274 N. W. 127.

The judgment of the district court will be modified in accordance with this opinion and, when so modified, affirmed.

NUESSLE, Ch. J., and MORRIS, CHRISTIANSON, and BURR, JJ., concur.

BURKE, J. (upon reargument). Upon a reargument of this case, granted upon appellant's petition, exception was taken to our conclusion that the Pioneer Life Insurance Policy in the sum of $10,000 was made payable in a manner that brought it within the terms of, and made it subject to the provisions of § 8719, Compiled Laws of 1913. Appellants urged that § 8719, supra, applies only to policies of insurance which were "made payable to the deceased, the personal representatives of the deceased, his heirs or estate" at the time the policies were originally issued.

Appellants contend that § 8719 must be construed in harmony with § 6636, Compiled Laws of North Dakota 1913, that since § 6636 requires that every policy of life insurance issued in this state shall contain the entire contract, the terms of a policy of insurance may not be altered or modified after it is issued; that therefore the designation of a new beneficiary by an indorsement upon a policy by an insurer, at the request of an insured who has reserved the right of revocation does

not become a part of the insurance contract, and the avails of a policy after such an indorsement are not payable "by its terms" but according to the auxiliary agreement; that a policy made payable to the insured's personal representatives by the terms of an indorsement of a change of beneficiary is not one made payable by the terms of the policy and therefore the distribution of the avails of such a policy is not controlled by § 8719, supra.

The argument is not sound. It rests upon a misconstruction of the effect of § 6636, supra. This section requires that every policy of insurance issued in the state shall contain the entire contract between the parties. Such a statutory requirement or such a provision in the contract itself does not limit the right of the parties to alter or modify the policy by a mutual agreement. Bogue v. New York L. Ins. Co. 103 Neb. 568, 173 N. W. 591; Perrigo v. Connecticut Commercial Travelers Mut. Acci. Asso. 101 Conn. 648, 127 A. 10; Cooley, Briefs on Insurance, 1484.

Life insurance policies usually provide the method by which a change of beneficiary may be made. The policy here in question contains such a provision. The language of that provision is identical with that contained in the North Dakota Standard Life Insurance Policy, N. D. Comp. Laws 1913, § 6635. Thus while the policy must contain the entire contract there is included as a part of this contract a method by which a change may be made in the designation of beneficiary.

The prescribed method was followed, the beneficiary was changed, and the change of beneficiary was indorsed upon the policy. The original designation of beneficiary and the provisions of the policy relating to a change of beneficiary were both a part of the insurance contract. Equitable Life Assur. Soc. v. McElroy (C. C. A. 8th) 83 F. 631, 641; McKinney v. Fidelity Mut. L. Ins. Co. 270 Mo. 305, 193 S. W. 564; Reid v. Durboraw (C. C. A. 4th) 272 F. 99; Cooley, Briefs on Insurance, 6424; 37 C. J. 585. When the change of beneficiary had been accomplished in accordance with the contract, the indorsement of the change became a part of the contract and the new beneficiary became entitled to the insurance proceeds "by the terms" of the policy. Any other construction of the contract would be contrary to the reasoning underlying the many decisions of this court in which § 8719, supra, has been construed. In Anderson v. Northern & Dakota Trust Co. 67

N. D. 458, 468, 274 N. W. 127, summarizing the import of these decisions, we said, that the avails of a life insurance policy made payable to the personal representatives of the deceased, his heirs or estate "passed to the heirs at law of the insured by contract and not by descent and that the effect of the statute was to render such insurance policy payable to the person or persons who at the time of the death of the insured were his heirs at law under the laws of succession the same as though their names had been written into the insurance policy as beneficiaries."

No one would have questioned the right of the plaintiffs to receive the avails of this insurance policy had plaintiffs been specifically named as beneficiaries in the indorsement of change of beneficiary. As surviving heirs at law of the insured they are entitled to the proceeds of the policy, which, although originally made payable to a mercantile establishment, was later, through a change of beneficiary, made payable to the personal representatives of the insured. Under § 8719, supra, and the decisions of this court, such a change would have precisely the same effect as if plaintiffs had been designated as beneficiaries by name. We therefore adhere to our original decision.

NUESSLE, Ch. J., and MORRIS, CHRISTIANSON, and BURR, JJ., concur.