ROBERT MCMILLAN AND ISABELLA G. MCMILLAN, ADMINISTRATRIX, ETC., v. GEORGE P. FELCHER AND REBECCA L. FELCHER.

[See 97 Mich. 633.]

*Summary proceedings—Appeal—Bond—Judgment.*

Where, in summary proceedings to recover the possession of lands, the defendants appeal from a judgment for the restitution of the premises, and are ordered by the circuit court to give an additional bond to that approved by the commissioner, and fail to comply with such order, the court has authority to dismiss the appeal, and by so doing the judgment appealed from will stand affirmed, but, there having been no hearing on the merits in the circuit court, no judgment of ouster can be entered.

Error to Wayne. (Brevoort, J.) Submitted on briefs April 13, 1894. Decided, May 18, 1894.

Summary proceedings to recover the possession of land. Defendants bring error. Judgment for restitution of premises reversed, and order dismissing the appeal from circuit court commissioner affirmed. The facts are stated in the opinion.

*T. E. Tarsney* and *W. W. Wicker*, for appellants.

*Gray & Gray*, for complainants.

Long, J. This proceeding was commenced before a circuit court commissioner to recover possession of certain premises situate in the city of Detroit. The commissioner made an order adjudging the complainants entitled to the restitution of the premises. An appeal was taken from this order to the circuit. A bond was given by the defendants on the appeal, in the sum of $6,000, conditioned to pay the rent and the costs of suit, as required by How. Stat. § 8307, and was duly approved by the commissioner. The appeal was regularly filed in the circuit court, whereupon a motion was made by complainants' counsel that the defendants be required to give a further and additional bond under that section of the statute. This motion came on to be heard in the circuit court, and on December 4, 1893, an order *nisi* was entered that a further bond be given on or before December 11, 1893, or, in default thereof, that the appeal be dismissed, and judgment entered for the restitution of the premises. The bond was not given as required by this order, and on December 12 the court entered a final order dismissing the appeal, and judgment was entered therein for the restitution of the premises. From this order and judgment defendants appeal to this Court.

It is claimed by defendants that the circuit court exceeded its authority in the entry of this judgment for the restitution of the premises; that the only order which the court could make was one dismissing the appeal, as complainants would only be entitled to judgment of restitution upon a hearing upon the merits. The section of the statute under which the appeal is taken provides that an appeal from the commissioner may be taken to the circuit court for the same county within the same time,

in the same manner, etc., and the same proceedings shall be had therein, as nearly as may be, and with the like effect, as in cases of appeals from judgments rendered before justices of the peace.    It is further provided that, if the complainant shall obtain restitution of the premises, he may sue and recover on the bond on appeal, or bring his action against the defendant under section 24 of the act.    Under that section he may recover all damages to which he may be entitled.    In the present case no hearing was had on the merits.    The defendants were required to give a further bond.    They failed to do this, and the appeal was dismissed out of that court.    This the court had authority to do, and by the dismissal the judgment before the commissioner stood affirmed.    There being no hearing on the merits in the circuit court, no judgment of ouster could be entered.

That part of the judgment directing restitution of the premises will be reversed.    The order dismissing the appeal will be allowed to stand.    Defendants will recover their costs of this Court.

The other Justices concurred.