ANTON MAIXNER, Appellant, v. PAUL ZUMPF and L. A. Scheer as Administrators of the Estate of Joe F. Maixner, Respondents.

(199 N. W. 183.)

**Insurance — father held not entitled to share in proceeds of policy as "heir" of insured intestate.**

> Construing § 8719, Comp. Laws, 1913, which provides that the avails of a life insurance policy payable to the personal representatives of the deceased, his heirs, or the heirs at law of the decedent, and §§ 5741, 5742, 5743 and 5760, Comp. Laws, 1913, it is *held* that the father is not an "heir" within the meaning of § 8719, supra, when the intestate, who carried an insurance policy in the sum of $2,000, payable to his estate, left a surviving widow, but no lineal descendants and the gross value of the estate did not exceed the sum of $4,500.

Opinion filed May 22, 1924. Rehearing denied June 12, 1924.

Descent and Distribution, 18 C. J. § 1 p. 803 n. 27; § 41 p. 829 n. 18. Life Insurance, 37 C. J. § 332 p. 570 n. 82.

Appeal from the District Court of Wells County, *Jansonius, J.* Affirmed.

*Palda & Aaker,* for appellant.

From these amendments, we come to the conclusion that the legislature intended that the administrator or executor should inventory the policies and the amount, if any, received thereon, and that he should then distribute the proceeds to the heirs, rather than put the same in the estate. Farmers State Bank v. Smith, 36 N. D. 225–234, 162 N. W. 302.

It is entirely plain that the county court, in attempting to adjudicate the question as to the respective rights of these parties to this fund

exceeded its jurisdiction, and it is equally plain that the district court (on appeal from county court) committed error in so far as it assumed to adjudicate such question. . . . Such fund *is and was no part of the decedent's estate;* hence, the county court had no jurisdiction over it, and could not, therefore, enter any valid judgment with reference to the distribution thereof. The insured had no interest in such fund. He merely had a right to designate to whom it should be paid after his death. Whether appellants or respondents are entitled to the same, they take *by contract* and not *by descent.* . . . The fund being no part of the (decedent's) estate, he could not transfer the same by will. . . . The county court having no jurisdiction to adjudicate such question, no jurisdiction was conferred on the district court by the appeal. Finn v. Walsh, 19 N. D. 61, 121 N. W. 766.

Under the statute the widow takes a share of the personal property of her husband as *distributee,* and not as dowress, and is an heir as to such property. . . . The statute makes the widow an heir as to personal property and the wife is within *the class* of persons protected and sought to be protected by this class of insurance. Lyons v. Yerex, 100 Mich. 214, 43 Am. St. Rep. 452, 58 N. W. 1112.

At common law one's heirs are the persons who would inherit his real estate by right of blood. The statutes of adoption and those of descent have in every state, to a greater or less degree, enlarged the meaning of the word, so that it may include persons not of the blood of the intestate. At common law the word has no reference to the distribution of any personalty, and this rule has not been disturbed by statute in some states. In these states, therefore, where the common-law rule obtains the word "heirs" in a statute setting forth a *class of persons* who may take the fund, . . . must be taken to mean the person or persons to whom the real estate of the member will pass under the statutes of descent. Niblack, Mut. Ben. Soc. § 247.

As to the shares which the widow and children are entitled to take under the policy we are clearly of the opinion that, in the absence of any designation in the policy of inequality in the shares, *all the beneficiaries share equally.* Gould v. Emerson, 99 Mass. 154; Felix v. Ancient Order of United Workmen, 31 Kan. 81, 1 Pac. 281; Jackson v. Nelson, 147 Mass. 300, 17 N. E. 529; Taylor v. Hill, 86 Wis. 99, 56 N. W. 738.

Where a member of a mutual benefit society has designated his legal heirs as his beneficiaries, the presumption would clearly be that it intended those to whom the law would give his property,—he dying intestate; and hence, it is *the actual capacity of inheritance* at the time of death of the owner of the property that determines *who is an heir* of a decedent. Niblack, Mut. Ben. Soc. § 248.

For the purpose of ascertaining the persons who are the beneficiaries under the designation of "my heirs" it is necessary to consult the statutes of the state casting the descent of the property on an intestate. . . . When a member has made his certificate payable to his "heirs" they do not take the fund by *descent but by contract. The statutes of descent and distribution cease to be of use, therefore, at the very moment when the heirs at law of the intestate have been found according to their provisions.* Silvers v. Michigan Mut. Ben. Asso. 94 Mich. 39, 53 N. W. 935.

It has been decided under these statutes that when insurance is made payable to the "heirs" of the insured, who dies childless and intestate, his surviving widow is not entitled to take the insurance as his heir if there be maternal or paternal kindred. Johnson v. Knight of Honor, 53 Ark. 255.

It will be noted in considering the question at issue, that this insurance money is not in any sense *a part of the estate,* and that the fund goes to its takers not *by descent but by contract.* Finn v. Walsh, supra.

The statute of descent and distribution *cease to be of use,* therefore, at the very moment when the *heirs at law* of the intestate have been found according to its provisions. Silvers v. Michigan Mut. Ben. Asso. supra.

*Adam V. Zuber,* for respondent.

"The evident purpose was to exempt from payment of decedent's debts the proceeds of all life insurance which might become assets of the estate, and hence subject to distribution by the county court. The section as originally enacted clearly disclosed that such was its only purpose and we think the amendment made by chapter 111, p. 181, Laws 1897, was not designed to change the purpose but merely to make the section more clear with reference to the insurance included therein." Finn v. Walsh, 19 N. D. 61.

The legislature intended that the administrator or executor should

inventory the policies and the amount, if any, received thereon, and that he should then distribute the proceeds to *the heirs* rather than put the same into the estate.  Farmers State Bank v. Smith, 36 N. D. 225.

The person entitled to the personal estate under the *statute of distribution;* the person appointed by law to succeed to an estate in case of intestacy.  29 C. J. 290.

The word "heir" in its strict sense involves the idea of descent or inheritance by operation of law, and is not properly applicable to one who takes by virtue of the will of the decedent.  It means one who inherited or takes from another by descent.  29 C. J. 291.

The word "heir" in its primary meaning, designates the person appointed by law to succeed to the estate in case of intestacy.  Himmel v. Himmel, 13 A.L.R. 612.


JOHNSON, J.  This is an appeal from a judgment of the district court of Wells county.  The facts are as follows: One J. F. Maixner died on or about June 1, 1923, domiciled in Wells county, leaving an estate, the gross value of which was less than $4,500.  At the time of his death, Maixner was married, but had no children.  The mother of the decedent had died some time prior to the first of June, 1923.  At the time of his death, there was a valid and subsisting policy of insurance upon his life, in the sum of $2,000, payable to the estate of the insured.

The defendants are the duly appointed, qualified and acting administrators of the estate of J. F. Maixner; the plaintiff is the father of the decedent.  In September, 1923, the insurance company paid the proceeds of the policy to the administrators.  Thereafter, the administrators paid the entire proceeds to the surviving widow.  The plaintiff brings this action to recover one half of the proceeds of the policy, claiming that he is entitled thereto by reason of the fact that he is the father of the insured and one of his heirs.  Appellant contends that there are only two heirs, the widow and the plaintiff, and that he is entitled to one half of the proceeds of the insurance policy.

The trial court held that the widow, as the sole distributee of the decedent's estate, was entitled to all the proceeds of the policy.

There is no disputed question of fact.  The only question is whether

the father belongs in the class of "heirs, or heirs at law" of the son who died without issue, but left a widow surviving him.

Section 8719, Comp. Laws 1913, reads as follows:

"The avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society, when made payable to the personal representatives of a deceased, his heirs or estate upon the death of a member of such society or of such insured shall not be subject to the debts of the decedent except by special contract, but shall be inventoried and distributed to the heirs or the heirs at law of such decedent."

Construing the foregoing section, this court has held that the proceeds of an insurance policy do not become a part of the decedent's estate under the circumstances detailed in this record; and that the persons who take the same take by contract and not by descent. Finn v. Walsh, 19 N. D. 61, 121 N. W. 766; Marifjeren v. Farup, ante, 78, 199 N. W. 181. In Farmers State Bank v. Smith, 36 N. D. 225, 162 N. W. 302, this court held that the amount of the insurance policy should be distributed to the heirs of the decedent and should not be "put . . . in the estate."

Section 5741, Comp. Laws 1913: "Succession is the coming in of another who takes the property of one who dies without disposing of it by will."

Section 5742, Comp. Laws 1913: "The property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, subject to the control of the county court and to the possession of any administrator appointed by that court for the purpose of administration."

Section 5743, Comp. Laws 1913: "When any person having title to any estate, not otherwise limited by marriage contract expressly, dies without disposing of the estate by will, it is succeeded to and must be distributed, unless otherwise provided in this code, and the probate code, subject to the payment of his debts, in the following manner:

"1. . . . .

"2. If the decedent leaves no issue and the estate does not exceed in value the sum of fifteen thousand dollars, all the estate goes to the surviving husband or wife, and as to all property in excess of fifteen thousand dollars in value, one-half thereof goes to the surviving hus-

band or wife and the other one-half goes to the decedent's father or mother in equal shares, and if either is dead to the survivor. . . ." Amended by chap. 249, Sess. Laws 1915.

Section 5760, Comp. Laws 1913: "If there is no one capable of succeeding under the preceding sections and the title fails from a *defect of heirs* the property of a decedent devolves and escheats to the state. . . ."

Section 8662, Comp. Laws 1913, of the Probate Code, provides that the value of the estate must be proved before administration will be granted thereon by the county court.

It is the contention of the appellant that the plaintiff is an heir of the decedent within subdivision 2 of § 5743, supra; that is, that he is in the same class with the widow and is entitled to one half of the insurance policy notwithstanding the fact that he is not entitled to a distributive share of the estate, the value thereof not exceeding $15,000. On the other hand, it is contended by the respondents that plaintiff is not an heir within the meaning of § 8719, supra, because he is not entitled to share in the distribution of the estate, and that the two conditions must coexist in order to make him an heir, namely, that the decedent leave no issue and that the estate exceed in value $15,000. Stated otherwise, the contention of the respondents is that although the proceeds of the insurance policy do not become a part of the estate, nevertheless the law of succession must be resorted to in order to determine to whom the avails thereof shall be paid. That is, in this state, it is contended, that the persons to whom property, both real and personal, passes in case of intestacy, are determined by § 5743, supra, and that such persons are the "heirs," within the meaning of § 8719.

It is doubtless true that the common-law distinction with respect to the succession of real and personal property in case of intestacy has been wiped out by the code. The court cannot derive much assistance from judicial definitions of the phrase "heirs" or "heirs at law," for the reason that its meaning has been largely and by necessary implication settled by statutory enactments in this jurisdiction. We have set out the pertinent provisions of the chapter on succession. An examination of §§ 5742 and 5760, supra, clearly discloses that the legislature used the term "heirs" in a sense synonymous with those who succeed to the real and personal property of the intestate under chapter 53.

Section 5742 is a general enactment to the effect that all property, real and personal, "passes to the heirs of the intestate;" § 5743 prescribes the order in which persons—heirs of the intestate—succeed to the property; and § 5760 provides that if there be no *heirs*—persons entitled to succeed to the property of the decedent as provided in § 5743—the property escheats to the state. Under the law of succession the appellant is not entitled to share in the distribution of the estate of the decedent, he is not entitled to succeed to any part of his estate, that is to say, he is not an "heir" within the meaning of that term as used in § 5743 and the chapter on Succession in the Civil Code. See Hochstein v. Berghauser, 123 Cal. 681, 56 Pac. 549.

Courts have on almost innumerable occasions formulated definitions of the term "heir" or "heirs at law." It will serve no useful purpose to review the authorities on this proposition. A reference to the language used in a few of them may be helpful. In Gauch v. St. Louis Mut. L. Ins. Co. 88 Ill. 251, 30 Am. Rep. 554, the supreme court of Illinois said: "And hence it is the *actual capacity of inheritance at the time of the death of the owner of the property,* and not the fact that a particular person might have inherited from him under a state of facts which did not exist, that determines who is heir;" the court further said in the same opinion: "The word 'heir,' when uncontrolled by the context, designates the person appointed by law to succeed to the real estate in question in case of intestacy." (Italics are ours.) That was the rule at common law. The foregoing is quoted with approval in Anderson v. Groesbeck, 26 Colo. 3, 55 Pac. 1090. In the case at bar, the question what persons constitute the class "heirs" depends not only upon who the *survivors* are, but also upon the *value* of the estate. The plaintiff, under our statutes, had no "actual capacity of inheritance" as far as the estate of the decedent was concerned, for the reason that the estate left did not exceed in value $15,000. We must look to the statutes of succession to determine what persons are entitled to the character of "heirs," as well as the share each shall receive. Dukes v. Faulk, 37 S. C. 255, 34 Am. St. Rep. 745, 16 S. E. 122. In Johnson v. Knights of Honor, 53 Ark. 255, 260, 8 L.R.A. 732, 13 S. W. 795, the court say: "Suffice it to say that the weight of authority holds that the word 'heirs' when used in any instrument to designate the persons to whom property is to be transferred, given,

or bequeathed, and the context does not explain it, means those who would, *under the statute of distribution,* be entitled to the personal estate of the persons of whom they are mentioned as heirs in the event of death and intestacy." (Italics are ours.)

In Thomas v. Covert (Thomas v. Supreme Lodge) 126 Wis. 593, 3 L.R.A.(N.S.) 904, 105 N. W. 922, 5 Ann. Cas. 456, the Wisconsin court, speaking by Justice Siebecker, says, with reference to the meaning of the phrase "legal heirs," as used in the certificate of a benefit society: "The great weight of the decisions is clearly to the effect that, unless a contrary intent is indicated, the words (when used respecting a transfer of personal property) *mean all persons designated as distributees by the statute for the distribution of the property of intestates."* In Silvers v. Michigan Mut. Ben. Asso. 94 Mich. 39, 53 N. W. 935, the court quotes the following with approval from Niblack on Mutual Benefit Societies: "Where a member of a mutual benefit society has designated his legal heirs as his beneficiaries, the presumption would clearly be that he intended those to whom the law would give his property,—he dying intestate; *and hence it is the actual capacity of inheritance at the time of the death of the owner of the property that determines who is an heir of a decedent."*

In the cases cited the term "heirs" appeared either in wills or in contracts and it may be suggested that a different rule of construction is to be applied when the word is found in a statute. True, in some instances. If different here, then why and in what way different? Is it to be limited to those on whom the law casts real property, as at common law? That would exclude the widow, the very person for whose protection life insurance is most frequently purchased. Nothing in the context or in the purpose sought to be accomplished would justify such a limited and technical interpretation. Is it to embrace only the blood relatives of the insured? See Tillman v. Davis, 95 N. Y. 17, 47 Am. Rep. 1. If so, again it would exclude from the benefits of the policy the very person for whose protection the policy is usually purchased by the insured and whose interests thereunder the legislature desired to protect—the surviving widow. See Tillman v. Davis, supra. Then by what rule must we determine who are "heirs"? It is submitted that the rule most consistent with the theory and purpose of the law of life insurance and the statute of succession is the one here

enounced. The "heirs at law" or "heirs" of decedent Maixner are determined by § 5743, in the chapter on Succession in case of intestacy. The plaintiff is not one of them. See Niblack, Mut. Ben. Soc. §§ 247, 248. See also Goodrich v. O'Connor, 52 Tex. 375, 378 and Lyons v. Yerex, 100 Mich. 214, 43 Am. St. Rep. 452, 58 N. W. 1114. Under our statute the widow in the case at bar, is the sole "heir," the sole distributee of the estate, both real and personal.

The judgment of the trial court is affirmed.

BRONSON, Ch. J., and NUESSLE, CHRISTIANSON, and BIRDZELL, JJ., concur.