[File No. 7304]

MONA STEARNS LAPLAND, Respondent, v. JAMES W. STEARNS, R. L. Kamins, A. R. Weinhandl, Harold Montgomery and Lars Kleppe, Appellants.

(54 NW2d 748)

64

Opinion filed August 28, 1952.

*Bosard & McCutcheon,* for appellant.

*Halverson & Halstead,* for respondent.

GRIMSON, J. The plaintiff, as the legal heir of Lewis C. Stearns, brought this action in the District Court of Ward County against the men who are the executors of his last will and testament for the avails of a life insurance policy payable to the estate of Lewis C. Stearns. The defendant executors admit receiving $24,496.28 on such policy. They deny plaintiff's right thereto and allege that the only law under which the plaintiff could recover in this action is Sec 26–1018 NDRC 1943, which statute

they claim is unconstitutional. They ask for a dismissal of the action.

The matter was submitted to the District Court on the following stipulated facts: Lewis C. Stearns, a resident of Minot, Ward County, North Dakota, died on Jan. 29, 1951, testate, leaving no wife surviving him. Mona Stearns Lapland, the plaintiff, was his legally adopted daughter and his only child or issue and no issue or children of Lewis C. Stearns preceded him in death. He left a will with codicil which was duly admitted to probate. The defendants are the duly appointed executors thereof. No creditors are involved in this controversy. At the time of the death of Lewis C. Stearns he was possessed of $24,496.28 worth of life insurance on his own life. The beneficiary named in the policy was the Lewis C. Stearns estate. No mention was made in the Stearns will or codicil of life insurance or avails of life insurance. Lewis C. Stearns made no special contract inter vivos in regard to the avails of his said life insurance. The defendant executors have collected the avails of said life insurance and still hold the same in the amount of $24,496.28. They have failed to pay said avails to anyone. Demand for payment of said avails was served on the defendant by the plaintiff prior to the commencement of this action. All of the defendants are interested solely as executors except James W. Stearns who is also a legatee or beneficiary under a testamentary trust created by the will of Lewis C. Stearns. The District Court found for the plaintiff. The defendants appeal.

The sole issue raised on the appeal is the constitutionality of Sec 26–1018 NDRC 1943. That section reads as follows:

"The avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society, when made payable to the deceased, to the personal representatives of the deceased, to his heirs, or to his estate, shall not be subject to the debts of the decedent upon the death of such insured or member of such society except by special contract. Such avails shall be inventoried as a part of the estate of the decedent and distributed without deduction and shall pass to the heirs at law or legatees of the decedent in accordance with the laws of succession or of

wills, as the case may be. The insured may transfer the avails of such life insurance policy or contract either by will or by contract. Nothing contained in this section shall:

1. Affect, in any manner, any life insurance policy or beneficiary certificate which is made payable to a designated person, including the spouse of the insured, or to persons or to members of a family designated as a class, such as 'all children' or 'all brothers and sisters,' even though the members of such class are not designated by name; or

2. Permit any insured to dispose of the avails of a contract by a mutual or fraternal society by will to anyone who could not be a beneficiary in such contract under the charter or by-law of such society."

This section, 26–1018, supra, was originally Chapter 149 of the 1929 Session Laws. The defendants claim that section was an original enactment and that for that reason they have a right to consider the title thereof in connection with their claim of its unconstitutionality. The first ground for such claim is that the title covers more than one subject in violation of Sec 61 of the state constitution. That title reads as follows:

"An act to provide for the distribution of the avails of life insurance made payable to the deceased, his personal representatives, his heirs, or estate, and exempting such avails from the debts of the decedent."

The subject matter of Sec 26–1018, supra, is the distribution of the avails of such life insurance. If all the provisions of an act are germane to the subject expressed in the title then the act is valid as against any claim of violation of Sec 61 of the constitution.

Referring to that principle this court in State ex rel. Weeks v. Olson, 65 ND 407, 259 NW 83 has said:

"This principle of law is well settled in North Dakota and in many other states having constitutional provisions similar to ours. Stated differently, this rule means that legislation may include any matter naturally and reasonably connected with the subject of the act as expressed in the title. State ex rel. Gammons v. Shafer, 63 ND 128, 246 NW 874; Thompson Yards v. Kingsley, 54 ND 49, 208 NW 949. It is also the law of this state

that the title to an act will be construed liberally and not in a strict and technical manner. State ex rel. Poole v. Peake, 18 ND 101, 120 NW 47." See also Great Northern Railway Co. v. Duncan, 42 ND 346, 176 NW 992; State v. Colohan, 69 ND 316, 286 NW 888; 50 Am Jur Statutes, Secs 196, 197, pp 177–180.

The defendants claim that the method of determining succession and an exemption statute are included in the act extraneous to the matter of the distribution of the avails. The policy makes the heirs or estate of the decedent the beneficiaries. The law of heirship determines the succession. The act makes no determination thereof. The provision that the avails shall not be subject to the debts of the decedent relates merely to the safeguarding of the avails. Construing the act liberally it contains only matters relative to the distribution of the avails of such insurance which is the subject matter thereof.

Furthermore, if there should be any doubt about this, Chapter 149 SL 1929 was reenacted in the 1943 revision of the code as Sec 26–1018 NDRC 1943 without the inclusion of the title and the original statute, including the title, was repealed, Sec 1–0219 NDRC 1943. It has been held that a statute which fails to comply with a constitutional provision requiring every act to embrace one subject to be mentioned in its title becomes valid upon its incorporation in a proper code or revision duly adopted as such. See 59 CJ Statutes, Sec 376, p 799; Schaller Co. v. Canistota Grain Co. 32 SD 15, 141 NW 993.

"Where a section of a legislative act has been incorporated in the Revised Codes and adopted, as a part of the complete statutes of the state, the court will not inquire into or consider the sufficiency of the original title of the act in which such section was originally adopted by the Legislature. In such case, it is too late to raise the sufficiency of the title to the original act, which was adopted prior to the date of its incorporation and adoption in the Revised Codes of the state." Anderson v. Great Northern Railway Co. 25 Idaho 433, 138 Pac 127.

"When an act is incorporated in the Code in accordance with Const art 6, Sec 5, it becomes statutory law, without reference to its title as originally enacted, and the objection that the subject of the act does not correspond with its title cannot be

raised." Park v. Laurens Cotton Mills, 56 SE 234, 75 SC 560.

The defendants urge, as the main ground for their claim that Sec 26-1018 NDRC 1943 is unconstitutional, that it is really an exemption statute and does not comply with Sec 208 of the constitution which provides that:

"The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws, exempting from forced sale to all heads of families a homestead, the value of which shall be limited and defined by law; and a reasonable amount of personal property; the kind and value shall be fixed by law. . . ."

They claim that the language of Sec 26-1018, supra, and of its 1929 title indicates that the intent of the legislature was to place the avails of that insurance in the estate of the deceased and to provide for the exemption thereof without fixing any reasonable amount contrary to Sec 208. They admit that, what they call "a slightly similar law," was construed by this court in the case of Farmers State Bank v. Smith, 36 ND 225, 226, 162 NW 302 against their contention, but claim that that construction cannot be applied to the present act because it is a new law and because of additional language not included in the old law.

It is immaterial whether Sec 26-1018, supra, is a new law or not. In the enactment of a statute, earlier acts on the same subject are generally presumed to have been within the knowledge and view of the legislature which is regarded as having adopted the new statute in the light thereof and with reference thereto. 50 Am Jur Sec 354, p 354.

It is also generally held that the construction by the courts of former statutes is presumed to have been considered by the legislature and may be considered by the courts in the construction of the latter statute on the same subject.

A legislature is presumed, in enacting a statute, to have in mind court decisions pertaining to the subject legislated on and to have acted with reference thereto. Merchants' Transfer and Warehouse Co. et al. v. Gates, 180 Ark 96, 21 SW2d 406; Texarkana Special School Dist. v. Consolidated Special School District No. 2, 185 Ark 213, 46 SW2d 631.

"As an aid in the construction of a statute, it is to be assumed

or presumed that the legislature was acquainted with, and had in mind, the judicial construction of former statutes on the subject, and that the statute was enacted in the light of the judicial construction that the prior enactment had received, or in the light of such existing judicial decisions as have a direct bearing upon it. Such earlier decisions will accordingly be taken into consideration." 50 Am Jur Statutes, Sec 321, p 312.

In McFadden v. Jordan, 32 Cal2d 330, 196 P2d 787, it is said:

"A familiar and fundamental rule for the interpretation of a legislative statute is that it is presumed to have been enacted in the light of such existing judicial decisions as have a direct bearing upon it." See also In re Halcomb, 21 Cal2d 126, 129, 130 P2d 384; Terral v. Terral, 212 Ark 221, 205 SW2d 198, 1 ALR 2d 1092; Sandahl v. Dept. of Labor and Industries, 170 Wash 380, 16 P2d 623.

In Batt's Estate, 220 Ind 193, 41 NE2d 365, it is said:

"Where a statute that has been construed by the courts of last resort has been reenacted in same, or substantially the same, terms, the legislature is presumed to have been familiar with its construction, and to have adopted it as a part of the law, unless a contrary intent clearly appears, or a different construction is expressly provided for; and the same rule applies in the construction of a statute enacted after a similar or cognate statute has been judicially construed. So, where words or phrases employed in a new statute have been construed by the courts to have been used in a particular sense in a previous statute on the same subject, or one analogous to it, they are presumed, in the absence of a clearly expressed intent to the contrary, to be used in the same sense in the new statute as in the previous statute." 59 CJ Statutes, 1061.

It is necessary, therefore, to examine the prior statutes on the subject and this court's construction thereof to determine whether the legislative policy as formerly enacted and interpreted has been changed by the 1929 enactment as claimed by the defendants.

The first appearance of the subject matter contained in Sec 26-1018 NDRC 1943 appears in Sec 6385 of the 1895 Code which reads as follows:

"The avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society upon the death of a member of such society are not subject to the debts of the decedent except by special contract, but in other respects shall be inventoried and disposed of like other property."

This applied to all life insurance policies. This was amended in the Probate Code, Chapter 111 SL 1897, p 192 to limit it to life insurance policies or contracts "made payable to the personal representatives of a deceased, his heirs, or estate." In that amendment the phrase "and disposed of like other property" was changed to read: "And distributed to the heirs or the heirs at law of such decedent." That change indicates that the intention of the legislators then was to make avails of life insurance policies, payable to the heirs or estate, distributed directly rather than going through probate "like other property." That change has remained in the law ever since.

In this last form the section was carried forward as Sec 6385 in RC 1899, as Sec 8083 NDRC 1905 and as Sec 8719 CL 1913. The next amendment of that section was by Chapter 225, SL 1927.

In the meantime many decisions have been rendered by this court construing this law. In Anderson v. Northern & Dakota Trust Co., 67 ND 458, 468, 274 NW 127, Judge Christianson summarizes the holdings of such decisions as follows:

"These legislative enactments have been fruitful of litigation. Questions as to the meaning and effect of Sec 8719, supra, had arisen in several cases before the enactment of Chapter 149, Laws of 1929, and it had been definitely settled by the decisions of this court that under that section: (1) The avails of a life insurance policy made payable to the personal representatives of the deceased, his heirs or estate, did not become part of the estate of the deceased but belonged to the heirs personally; (2) that such avails passed to the heirs at law of the insured by contract and not by descent and that the effect of the statute was to render such insurance policy payable to the person or persons who at the time of the death of the insured were his heirs at law under the laws of succession the same as though their names had been written into the insurance policy as beneficiaries; (3) that the avails of such life insurance policy were

to be inventoried in the probate proceedings of the estate of the decedent and distributed to his heirs at law; but the distribution was to be made by the executor or administrator by virtue of the statute and the distribution was not to be made by the county court as a distribution of a part of the estate. Finn v. Walsh, 19 ND 61, 121 NW 766; Farmers State Bank v. Smith, 36 ND 225, 162 NW 302; Marifjeren v. Farup, 51 ND 78, 199 NW 181; Maixner v. Zumpf, 51 ND 140, 199 NW 183; Re Coughlin, 53 ND 188, 205 NW 14; Talcott v. Bailey, 54 ND 19, 208 NW 549; Cohen v. Ferguson, 56 ND 545, 218 NW 209; Jorgensen v. De-Viney, 57 ND 63, 222 NW 464; Hafey v. Hafey, 57 ND 381, 222 NW 256."

In the case of Farmers State Bank v. Smith, 36 ND 225, 162 NW 302, the very question raised in the instant case was passed upon by this court. The argument was made that Sec 8719 SL 1913 violated Sec 208 of the constitution. It was claimed that Sec 8719 was an exemption statute and as it failed to fix any limit on the amount of insurance exempt from creditors' claims it violated Sec 208 of the constitution which provides that the exemption extends merely to "a reasonable amount of personal property." In deciding that case this court said:

"It is quite apparent, indeed, that the constitutional provision in question was never intended to apply to cases such as before us. It expressly states that its purpose is that the debtor may enjoy the comforts and necessaries of life, and that his property may, to a limited extent, be saved from forced sale. The debtor is dead; no forced sale can injure him. As far as his heirs are concerned, they are not debtors and owe none of his debts. It may be that, before the property of the debtor's estate may be distributed to them, the debts of the deceased must be paid. They, however, have no personal liability therefor, for the debts are not their debts.

"In the case at bar there can be no question that the contract between the insurance company and the decedent would have been perfectly valid, and that the plaintiff father would have been entitled to the money if the policy had been made directly payable to him rather than to the estate of the deceased.

"There, too, can be no question that, as the statute was in

force at the time of the taking out of the policy, the intention of the deceased must be presumed to have been that his heirs should take the money. Such being the case, the money at no time became a part of the estate of the deceased or subject to the claims of his creditors. Pace v. Pace, 19 Fla 438.

"No one would contend that during his lifetime the deceased could not have given any sum of money to his heirs and placed any sum of money in trust for his heirs that he chose, provided that such gift was not at the time when given in fraud of his creditors. Why should he not pay that money or make that gift in the form of insurance-premium payments?

"The only question is, Who should the policy pass to and shall it be burdened with debts or not? If made to the heirs in name it would certainly not have been burdened with the debts of the deceased. All Sec 8719 provides is that if made payable to them by the general term 'heirs,' or made payable to 'the representatives' or 'estate' it shall in like manner be considered a trust fund. This, of course, does not prevent one from making a special contract either in the policy or in the will by which the proceeds of the policy may be made subject to the debts of the deceased and the residue only made payable to the beneficiary or legatee."

This court then held that Sec 8719 "is not in conflict with Sec 208 of the Constitution of North Dakota."

That opinion was filed March 22, 1917, ten years and five sessions of the legislature before any amendment to Sec 8719 was made. It will be presumed that the legislature had knowledge thereof and had that holding in mind when it enacted Chapter 225 SL 1927. The legislature still retained the provision that the avails "shall not be subject to the debts of decedent" and "shall be distributed" to the heirs upon which is based the holding in the Smith case that the avails did not become a part of the estate of the decedent but passed to the heirs by contract so that Sec 8719 did not become an exemption statute.

The legislature added to the provisions regarding the avails being inventoried the phrase "as part of the estate of the decedent" which this court in Anderson v. Northern & Dakota Trust Co., 67 ND 458, 472, 274 NW 127, construed to mean "that

the avails should be inventoried in like manner as though they were a part of the estate of the decedent." That makes the inventory only a special record of the avails. Then the legislature added to the provision for the distribution of the avails that it shall be done "without deduction." That again indicates an intent that the avails should not become liable for the debts of the estate. Then Chapter 225 adds a new provision that the insured may transfer the avails by will or contract life insurance policies or contracts "heretofore made." This court had held in Jorgensen v. DeViney, 57 ND 63, 222 NW 464, that the insured had a right to transfer such a policy of insurance upon his life by will or assignment so that the legislature was merely enacting the principle found by this court to be included in the act.

Finally, Chapter 225, supra, provided that Sec 8719 should not be construed as permitting any insured to dispose by will of the avails of such policies or contracts made payable to a designated person including members of the family designated by class though not by name nor to dispose by will of the avails of a contract by a mutual or fraternal society to anyone who could not be a beneficiary in such contract under the charter or by-laws of such society. That does not affect the meaning of the act.

These last two provisions are clarified in the reenacted statute, Chapter 149, SL 1929, and the law is made to apply to policies and contracts whether made "heretofore or hereafter." This makes the act apply to such policies and contracts irrespective of the time when made as the law did prior to 1927.

The 1929 amendment also provided it should apply to policies made payable to the deceased himself as well as to his heirs or estate. The need for that provision was brought out by this court's decision in Cohen v. Ferguson, 56 ND 545, 218 NW 209. It broadens the provision for beneficiaries but does not in any manner change the purpose of the law.

Chapter 149 SL 1929 also adds the following: "This statute is intended to apply only to life insurance policies and beneficiary certificates that by their terms are made payable to the insured, to the personal representatives of the insured or his

heirs or estate." That provision the codification of Sec 26‑1018 omitted "as surplusage."

Sec 26–1018 as codified also omitted the phrase "in due course of administration" which further indicates an intent not to make the avails a part of the estate.

These are the main changes from the original language of Sec 8719 CL 1913 brought about by Chapters 225 SL 1927 and Chapter 149 SL 1929. Some of the changes were brought about by the holdings of those decisions, indicating the awareness of the legislature of those decisions. Sec Anderson v. Northern & Dakota Trust Co., 65 ND 721, 261 NW 759. In the second Anderson case, Anderson v. Northern & Dakota Trust Co. 67 ND 458, 474, 274 NW 127, Judge Christianson, after a complete summary writes:

"As we view it, the primary purpose of the legislative enactment of 1927 was to authorize the insured to dispose by will of the avails of such insurance contract; but that the legislature intended that unless the insured did dispose by will of the avails of such policies that such avails should remain subject to the same fundamental rules, both as regards status and disposition, that heretofore prevailed under Sec 8719, supra. We are also agreed that the legislative enactment of 1929 did not purport to change the basic rules as regards the status and disposition of the avails of such life insurance contract."

After a careful comparison of Chapter 225 SL 1927 and Chapter 149 SL 1929 as codified in Sec 26–1018 NDRC 1943, with Sec 8719 SL 1913, we have come to the same conclusion. There is nothing in those amendments or the 1929 reenactment to warrant this court in finding that the legislature intended to change the meaning of Sec 8719 as construed by this court in its various decisions on that section.

The defendants, however, argue that these decisions of the court are in error and that the intention of the legislature from the beginning and especially since the enactment of the 1929 act was to make the avails of such insurance a part of the estate without making them subject to the debts of the decedent. They again contend that the result is an exemption of the avails and

there being no limitation in the amount such exemption is contrary to Sec 208 of the constitution.

The defendants argue that such construction is indicated by the use of the word "exempting" in the title of the 1929 acts and the use of the phrases "shall not be subject to the debts of the decedent" and "inventoried as a part of the estate of the deceased" and "shall be distributed without deduction" in the body of the different acts. All of these phrases except the word "exempting" have been considered by this court in making its prior decisions. One meaning of "exempting" is "not subject to" (New Century Dictionary), which is the phrase used in the body of both the 1927 and 1929 acts in connection with the debts so adds nothing new. When these phrases are considered in connection with the whole act, its history and purpose, they support the construction placed on the act by this court in past decisions, rather than the contention of the defendants.

"Legislatures are presumed and deemed by the courts to have used statutory terms under consideration in their judicially established meaning, in the absence of an appearance of anything to indicate a different intention. Accordingly, where words used in a statute have acquired a settled meaning through judicial interpretation, and the same terms are used in a subsequent statute upon the same or an analogous subject, they are generally interpreted in the latter as in the former, where the object to which the words are applied, or the connection in which it stands, does not require it to be differently understood in the two statutes, or where a contrary intention of the legislature is not made clear by other qualifying or explanatory terms." 50 Am Jur Statutes, Sec 322, p 313.

When the insured uses the names of his legal heirs as beneficiaries in the policy there can be no question about the avails passing directly to them. When, however, he uses the terms "personal representatives, heirs or estate" it is necessary to provide a special method by which the identification of the individual beneficiaries can be accomplished. The logical person through whom that can be done is the executor or administrator of the estate of the decedent who has accessible, in the files of the estate, the names of the legal heirs as established by the

county court. If, however, the avails become part of the estate they might become subjected to the liabilities thereof. The phrases used indicate the intention of the legislators to avoid that situation. They were providing for the transfer of the avails through the executor or administrator as a mere conduit and without any actual connection with the probate. They provided that the avails should "pass to the heirs" without becoming subject to the debts of the estate. They provided for an inventory thereof in the same manner as the property of the estate, (Anderson v. Northern & Dakota Trust Co., 67 ND 458, 474, 274 NW 127, 134) to keep a record of the transactions always available and easy to find.

It was indicated in the dissenting opinion in Farmers State Bank v. Smith, supra, and in Marifjeren v. Farup, supra; Anderson v. Northern & Dakota Trust Co., 65 ND 721, 726, 261 NW 759; Anderson v. Northern & Dakota Trust Co., 67 ND 458, 474, 274 NW 127, that if the avails become a part of the estate not subject to the debts of the decedent, the constitutionality of Sec 26–1018, supra, might become doubtful. Whenever a law is reasonably subject to two constructions one of which sustains it as constitutional and the other renders it of doubtful constitutionality the courts, as we have done in this case, adopt that construction which holds the law constitutional. 11 Am Jur Constitutional Law, Sec 97, p 725; State ex rel. Eckroth v. Berge, 69 ND 1, 283 NW 521; Wood v. Byrne, 60 ND 1, 232 NW 303; State ex rel. Linde v. Taylor, 33 ND 76, 156 NW 561, LRA 1918B 156, Ann Cas 1918A 583.

The defendants finally claim that Sec 26–1018 NDRC 1943 violates the due process clauses of the federal and state constitutions. They argue that the act is an attempt to arbitrarily and unreasonably regulate the descent of particular property. They claim that under the construction the court has given said act any taxes that may be levied against the avails of an insurance policy, the cost of determining in the proper court to whom such avails belong and the expense of transferring the avails to the legal heirs will have to be paid out of decedent's estate. That, they say, is taking property from the creditors and legatees

without due process of law. That does not follow from the construction we have given the act.

When the purposes of the act are taken into consideration and the fact that these avails never were a part of decedent's estate it cannot be said that the law is unreasonable or arbitrary. The law in no way involves the descent of property. The fund is created by contract. It is not a fund to which the creditors or legatees have any legal or moral claim, unless the testator so provides.

We have held that the avails of the insurance policy pass through the executor or administrator to the heirs as through a conduit without becoming involved in the estate in any way. If follows that the estate does not become involved with the avails either. Each must be handled separately by the executor or administrator. The executor or administrator and not the probate court, is concerned with the avails. The phrase, "They shall not be subject to the debts of the decedent . . . and distributed without deduction" for those debts indicates an intention to keep them separate. If any tax is levied against the avails, that does not become a liability of the estate. That is an expense that must be borne by the heir to whom they are transferred just as would be the case if the heir were named as beneficiary. In such case the heir would have had to pay all expenses in connection with the transfer of the avails to him. In Talcott v. Bailey, 54 ND 19, 29, 208 NW 549, this court said:

"Clearly the effect of Sec 8719 CL 1913, is not to put the 'heirs' in any better position than they would have been had their names been written into the policies as beneficiaries thereunder."

If the heir has to sue for the avails that is his expense. The separate inventory of the avails made by the executor or administrator does not become a part of the gross inventory of the estate so does not increase the expense of administering the estate. If the executor or administrator claims title to the avails for the estate and forces suit to determine the title that is a legitimate expense of the estate just as would be the expense of determining any title claimed by the estate.

It is apparent, therefore, that no property is taken out of the estate by virtue of Sec 26-1018, supra, nor are the heirs enriched

by getting the expense of transferring the avails to them paid out of the estate.

The defendants claim that the law is not complete because there is no provision in the law for the disposition of the avails in the event there were no heirs of the decedent. Sec 54–0102 NDRC 1943 takes care of that. It is there provided:

"All property, real and personal within the limits of this state, which does not belong to any person or to the United States, belongs to the state. *Whenever the title to any property fails for want of heirs or next of kin it reverts to the state.*"

Plaintiff asked for interest at 4 per cent on the amount of the avails which the executors have held pending this lawsuit. They claim the money has been wrongfully withheld. The defendants claim that they were advised by their counsel that there was a serious question about the constitutionality of Sec 26–1018 NDRC 1943 under which the money was received and that for the protection of themselves and the estate a determination of its title in court would be necessary. Under such circumstances we can not say the money was wrongfully withheld. We believe the defendants and their attorneys acted in good faith. See Hill v. Hanna, 57 ND 412, 222 NW 459. The District Court disallowed plaintiff's claim for interest. We agree with the District Court.

We have come to the conclusion that, considering Sec 26–1018 NDRC 1943 as a whole, its terms, history and purposes and comparing it with Chapter 225 SL 1927 and Chapter 149 SL 1929, there has been no change made to make the former decisions of this court inapplicable. We hold it is not violation of Sec 208 of the constitution. We further hold that Sec 26–1018 does not violate Sec 61 of the constitution nor the provisions of the state and federal constitutions against taking property without due process of law.

The judgment of the District Court is affirmed.

CHRISTIANSON, SATHRE and BURKE, concur.

MORRIS, C. J., concurs in the result.