Gale HILL, Plaintiff and Respondent,

v.

Lydia SCHROEDER, Defendant
and Respondent,

and

Beryl Hess, Ruby Miller, Wallace Schroeder,
and Leslie Schroeder, Defendants
and Appellants.

No. 8421.

Supreme Court of North Dakota.

Feb. 16, 1968.

Ohnstad, Twichell, Maxwell & Ramage, West Fargo, for defendants and appellants.

Tenneson, Serkland, Lundberg & Erickson, Fargo, for plaintiff and respondent and defendant and respondent.

TEIGEN, Chief Justice.

This is an appeal from a summary judgment which adjudicates that the avails of three life insurance policies payable to the

estate of the deceased insured shall be distributed to his surviving wife.

The salient facts are that one J. Lyle Schroeder died intestate on November 9, 1961, a resident of Cass County, North Dakota. His estate was probated in that County and final decree of distribution was entered, no appeal was taken, and it is final. The plaintiff administrator of the estate has received and holds the avails of three life insurance policies carried by the deceased on his life which were payable to his estate. The amount received was $8,000, the sum of the face of the three policies plus some increments, for a total of $9,124.-82. The deceased left surviving him his wife, two sisters and two brothers. The estate inventoried at more than $100,000, exclusive of the life insurance, but the adjusted estate after the payment of debts, allowances, expenses and costs allowed by the county court in the probate was less than $100,000. The county court in its final decree of distribution decreed all of the estate to "Lydia Schroeder, the surviving wife, there being no issue and both father and mother of J. Lyle Schroeder being deceased and the estate being less in value than $100,000 * * *." Thereafter the plaintiff, administrator of the estate, brought this action for declaratory judgment in the district court seeking a determination of the applicability of § 26–10–18, N.D.C.C., to the facts and determining its meaning.

He named the surviving wife, the two sisters and the two brothers of the decedent as defendants.

Divergent contentions arose: (1) That the surviving wife is entitled to all the insurance proceeds because the county court determined the estate was of the value of less than $100,000 for the purpose of distribution, and (2) that the surviving wife is entitled to one-half of the insurance proceeds and the brothers and sisters to the other one-half, in equal shares. Several arguments were advanced in support of the second contention. All deal with the finality and applicability of the county court's determination to the question in this action. Because we find the premise upon which contentions of both parties are bottomed are not tenable we do not allude to them further.

The plaintiff-administrator moved for a summary judgment and upon the pleadings and the record made in that proceeding the trial court ruled in favor of the surviving wife, awarding to her all of the insurance proceeds. Summary judgment was entered accordingly and the brothers and sisters have appealed.

Our statute provides:

The avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society, when made payable to the deceased, to the personal representatives of the deceased, to his heirs, or to his estate, shall not be subject to the debts of the decedent upon the death of such insured or member of such society except by special contract. Such avails shall be inventoried as a part of the estate of the decedent and distributed without deduction and shall pass to the heirs at law or legatees of the decedent in accordance with the laws of succession or of wills, as the case may be. The insured may transfer the avails of such life insurance policy or contract either by will or by contract. Nothing contained in this section shall:

1. Affect, in any manner, any life insurance policy or beneficiary certificate which is made payable to a designated person, including the spouse of the insured, or to persons or to members of a family designated as a class, such as "all children" or "all brothers and sisters," even though the members of such class are not designated by name; or

2. Permit any insured to dispose of the avails of a contract by a mutual or fraternal society by will to anyone who could not be a beneficiary in

such contract under the charter or by-laws of such society.

N.D.C.C. § 26–10–18.

Our statute, insofar as it is applicable here providing the order of succession, states as follows:

> When any person having title to any estate not otherwise limited by marriage contract dies without disposing of the estate by will, it is succeeded to and must be distributed, unless otherwise expressly provided in this code, subject to the payment of his debts, in the following manner:
>
> \* \* \* \* \* \*
>
> 2. If the decedent leaves:
> \* \* \* \* \* \*
> c. No issue, and both the father and mother are dead, and the estate does not exceed one hundred thousand dollars, the whole thereof goes to the surviving husband or wife;
>
> d. No issue, and both the father and mother are dead, and the estate exceeds in value the sum of one hundred thousand dollars, all of the estate in excess of such sum in value goes, one-half thereof to the surviving husband or wife, and if the decedent leaves brothers or sisters or children of deceased brothers or sisters, then the other one-half thereof goes in equal shares to the brothers or sisters of decedent and to the children of any deceased brother or sister by right of representation \* \* \*.

N.D.C.C. § 56–01–04 (Supp.1967).

■ An examination of the pleadings and evidence filed in support of and in opposition to the motion for summary judgment discloses there is no genuine issue as to any material fact and that judgment should be entered as a matter of law. Therefore this is a proper case in which to render a summary judgment under Rule 56 N.D.R.Civ.P.

The material facts necessary to determine the question before us are as follows: The administrator of the estate of J. Lyle Schroeder, deceased, has received and is in possession of the avails of three life insurance policies on the life of the deceased which were payable to his estate. The amount of such avails is the sum of $9,-124.82 and were inventoried in the estate as required by statute. The deceased died intestate and left surviving him the defendants in this action, who are his wife, two brothers and two sisters. He left no issue, nor mother nor father surviving him.

■ The salient parts of § 26–10–18, N.D.C.C., applicable to this state of facts and for the purpose of this action, may succinctly be quoted as follows:

> Such avails \* \* \* shall pass to the heirs at law \* \* \* of the decedent in accordance with the laws of succession \* \* \*.

The avails of the life insurance being less than $100,000, and the insured leaving no issue, and both father and mother are dead, all of such avails go to the surviving wife.

The history of § 26–10–18, N.D.C.C., may be traced back to § 6385 of the Revised Code of 1895. It has been amended three times by the legislature. See Chapter 111 of the Session Laws of 1897, Chapter 225 of the Session Laws of 1927, and Chapter 149 of the Session Laws of 1929. The statute has generated its fair share of litigation. Questions involving this statute have arisen on numerous occasions. See:

Finn v. Walsh (1909), 19 N.D. 61, 121 N.W. 766;

Farmers' State Bank of Wild Rose v. Smith (1917), 36 N.D. 225, 162 N.W. 302;

Marifjeren v. Farup (1924), 51 N.D. 78, 199 N.W. 181;

Maixner v. Zumpf (1924), 51 N.D. 140, 199 N.W. 183;

In re Coughlin's Estate (1925), 53 N.D. 188, 205 N.W. 14;

Talcott v. Bailey (1926), 54 N.D. 19, 208 N.W. 549;

Cohen v. Gordon Ferguson, Inc. (1928), 56 N.D. 545, 218 N.W. 209;

Jorgensen v. DeViney (1928), 57 N.D. 63, 222 N.W. 464;

Hill v. Hanna (1928), 57 N.D. 412, 222 N.W. 459;

Hafey v. Hafey (1928), 57 N.D. 381, 222 N.W. 256;

In re Root's Estate (1929), 58 N.D. 422, 226 N.W. 598;

Miller v. First Nat. Bank of Linton (1932), 62 N.D. 122, 242 N.W. 124;

Crabtree v. Kelly (1935), 65 N.D. 501, 260 N.W. 262;

Anderson v. Northern & Dakota Trust Co. (1935), 65 N.D. 721, 261 N.W. 759;

Anderson v. Northern & Dakota Trust Co. (1937), 67 N.D. 458, 274 N.W. 127;

Anderson v. Northern & Dakota Trust Co. (1939), 69 N.D. 571, 288 N.W. 562;

Lapland v. Stearns (1952), 79 N.D. 62, 54 N.W.2d 748;

Sand v. Merchants National Bank & Trust Co. (1957), N.D., 81 N.W.2d 748.

■ Under the various forms of the statute we have held, as may be found from a reading of the foregoing cases, that the subject matter of the statute is the distribution of the avails of such life insurance; that the avails do not become a part of the estate of the deceased but belong to the heirs personally; that such avails pass to the heirs of the insured by contract and not by descent, the same as though their names had been written into the insurance policy as beneficiaries; that the avails of such insurance must be inventoried in the estate but do not become a part of the estate; that the statute is not an exemption statute, as the beneficiaries have no personal liability for the debts of the insured deceased. We have held that the avails of the insurance pass through the executor or administrator to the heirs as through a conduit without becoming involved in the estate in any way. Therefore the estate does not become involved with the avails, either. Each must be handled separately, and the executor or the administrator, and not the probate court, is concerned with the avails.

■ We have also said that if any expense is incurred in connection with the avails of such insurance it must be borne by the heirs to whom they are transferred, just as would be the case if the heir was the named beneficiary. No property is to be taken out of the estate by virtue of § 26–10–18, N.D.C.C., nor are the heirs enriched by having the expense of transferring avails to them paid out of the estate. Distribution of such insurance avails is to be made by the executor or administrator by virtue of the statute (§ 26–10–18, N.D. C.C.) and is not to be made by the county court as a distribution of a part of the estate. The term "avails" is synonymous with "proceeds."

Chapter 111, Section 24, of the Session Laws of 1897, which was codified as Section 8719 of the Compiled Laws of North Dakota 1913, provided:

The avails of a life insurance policy * * * when made payable to the personal representatives of a deceased, his heirs or estate upon the death * * * of such insured shall not be subject to the debts of the decedent except by special contract, but shall be inventoried and distributed to the heirs or the heirs at law of such decedent.

In construing this statute in Maixner v. Zumpf, supra, this court held that the father is not an "heir" within the meaning of Section 8719 of the Compiled Laws of 1913 when the intestate, who carried an insurance policy in the sum of $2,000, pay-

able to his estate, left a surviving widow but no lineal descendants, and the gross value of the estate did not exceed the sum of $4,500. It appears that counsel for the respective parties in this action on the basis of *Zumpf* assumed that the value of the estate, either gross or net, determined by the county court in the probate or separately by the district court, shall be considered in determining which subsection of the laws of succession shall be applied in determining the distribution to be made of the avails of such insurance. However, the legislature amended the law by Chapter 225 of the Session Laws of 1927, and again by Chapter 149 of the Session Laws of 1929, in both of which it is stated in clear and unambiguous language that *"such avails* shall be inventoried as part of the estate of the deceased, and *shall be distributed* without deduction, *and pass to the heirs at law or legatees* of the deceased, in due course of administration, *in accordance with the laws of succession* or will, as the case may be." [emphasis added]

■ It is elementary that in construing a statutory provision the words are to be given their plain, ordinary and commonly understood meaning. Verry v. Trenbeath, 148 N.W.2d 567 (N.D.1967); Cowl v. Wentz, 107 N.W.2d 697 (N.D.1961); Bronson v. Johnson, 76 N.D. 122, 33 N.W.2d 819 (1948). Section 1–02–05, N.D.C.C., provides that the letter of the statute is not to be disregarded under the pretext of preserving its spirit. And § 1–02–03, N.D.C.C., provides that words and phrases shall be construed according to their context, rules of grammar and the approved use of the language.

Keeping the foregoing rules in mind we find the statute is clear and free of ambiguity on the question before us in this case.

The statute specifically deals with the distribution of the avails of life insurance described therein and states:

Such avails * * * shall pass to the heirs at law * * * of the decedent in accordance with the laws of succession * * *.

and if governed by a will,

Such avails * * * shall pass to the * * * legatees of the decedent in accordance with the laws * * * of wills * * *.

N.D.C.C. § 26–10–18.

The statute does not mention the estate except it provides the avails shall be "inventoried as a part of the estate of the decedent." This language was construed in Anderson v. Northern & Dakota Trust Co., 67 N.D. 458, 274 N.W. 127, to mean that the avails of such insurance do not become a part of the estate of the insured unless there is a specific provision in the policy, or the insured has made provision to that effect by special contract or by provision in his will.

The legislature amended the statute after *Zumpf.* The statute at the time of *Zumpf* provided "the avails" of such a life insurance policy "shall be * * * distributed to the heirs or the heirs at law of such decedent." *Zumpf* was decided in 1924. The 1927 legislature amended the statute (see Chapter 225, Session Laws 1927). The amendment qualified the term "heirs at law" to be those as determined "in accordance with the laws of succession." In view of this amendment we cannot say "the heirs at law" are those determined by the county court or by reference to the estate or its value. Reference to the "laws of succession" clearly embodies these laws in and as a part of § 26–10–18 as the formula to be applied to the "avails" to determine who the "heirs at law" are. The change indicates the intention of the legislators to provide that the "laws of succession" as applied to the "avails" shall determine who the beneficiaries are without regard to the value of the estate. That change has remained in the law ever since. Thus in the instant case the avails of the life insurance being less than $100,000, and the deceased leaving surviving him his wife

and no lineal descendants, she is entitled to all of the life insurance avails as the sole beneficiary.

The trial court arrived at the same result but for a different reason. We affirm the trial court's summary judgment but for the reasons set forth in this opinion.

Summary judgment is affirmed.

STRUTZ, ERICKSTAD, KNUDSON and PAULSON, JJ., concur.